# Ladd, Guardian *v.* Ladd, Trustee.
## and
# Ladd, Trustee *v.* Ladd, Guardian.

*Bill in Equity to remove Administration of Trust Estate and to require Bond.*

1. *Equity jurisdiction; guardian of minor can not compel trustee duly appointed, to render an account and give bond without good cause shown.*—A trustee to whom is devised by a will property to be held in trust and managed for the benefit of a beneficiary until she marries or arrives at the age of twenty-one years, and who by the will is expressly relieved from giving a bond, can not be required to give a bond nor can the administration of the trust be removed into the chancery court at the suit of the guardian of the minor, unless there is averred in the bill and shown by the evidence, that there is some special cause for such action by the court, which will give the court jurisdiction of the subject matter of the suit.

2. *Same; same.*—In such a cause, wherein a bill filed by the guardian of the minor to have the chancery court administer the trust estate and to compel the trustee to give a bond, there is no averment that said trustee is not a suitable person to administer the trust, either from insolvency, bad habits or other cause, or that he has in any way improperly managed the trust, or that there is cause to apprehend that the trust estate is in danger of being lost to the beneficiary, and the only complaint made against the trustee is that he refused, on demand of the guardian, to furnish a statement showing the condition of the trust estate, there is no ground shown for the interposition of a court of equity; and such a bill is without equity.

APPEALS from the Chancery Court of Mobile.

Heard before the Hon. THOS. H. SMITH.

The original bill in this case was filed by U. Virginia Ladd, as guardian of Aline Hollinger, a minor, against John M. Ladd, as trustee of the estate of said Aline Hol-

linger. The bill sought to have the trust estate created under the will of John M. Ladd, deceased, in favor of Aline Hollinger, administered in the chancery court, and to require the said John M. Ladd, as trustee, to give bond for the faithful performance of his duties as such trustee. The averments of the bill are sufficiently shown in the opinion. The defendant moved to dismiss the bill for the want of equity, and also demurred to the bill upon the following grounds: "1. That there are no facts alleged in said bill showing the necessity for this trustee to give bond. 2. That there are no facts alleged in said bill showing any reason for the removal of said trust estate into this Honorable Court. 3. That there are no facts alleged in said bill showing any necessity for this trustee to file his account as such trustee in this Honorable Court. 4. That under the terms of the will of John M. Ladd, deceased, this defendant as trustee was not required to account to U. Virginia Ladd, as guardian of Aline Hollinger. 5. That under the will of John M. Ladd, deceased, this defendant was not required to furnish U. Virginia Ladd, as guardian of Aline Hollinger, the information demanded by her as alleged in said bill of complaint. 6. That said bill fails to state any facts showing that this defendant has violated or threatened to violate his trust, or that he is insolvent, or that there is good reason to apprehend his insolvency, or that he is an unsuitable person to execute the trust imposed upon him by the will of said John M. Ladd, deceased. 7. Because said bill as amended makes an entire change of party complainant."

On the submission of the cause, the court overruled the motion to dismiss the bill, and the 7th ground of demurrer, but sustained the 1st, 2d, 3d, 4th, 5th and 6th grounds of demurrer. From this decree the complainant appeals, and assigns as error the sustaining of the several grounds of demurrer interposed by the defendant. The defendant took a cross appeal and assigned as error the overruling of the motion to dismiss the bill and the overruling of the 7th ground of his demurrer.

McINTOSH & RICH, for Ladd, guardian.—Infants and their properties are in a special manner under the protection of courts of equity. Such court is their general guardian, and upon the institution of proceedings therein, involving their personal or pecuniary rights they are always regarded as wards of the court.—3 Perry on Trust, (3d ed.) 195, § 603.

Also, it is the general principle, that courts of equity have in all cases jurisdiction to compel an accounting whenever fiduciary relations are involved.—27 Amer. & Eng. Encyc. of Law, 106, note; *Smith v. Townsend,* 92 Amer. Dec. 637.

One of the first duties of every trustee upon accepting the appointment as such is, to open an account; and it is his duty, as such trustee, to keep regular accounts and render full statements to beneficiaries at all times; or his accounts should at all times be open to inspection and produced at demand of beneficiary.—2 Pomeroy's Eq. pp. 637-8; § 1063; 27 Amer. & Eng. Encyc. of Law, 155-6, note; Perry on Trusts, (3d ed.) 474, § 821; 2 Lewin on Trusts & Trustees, p. 691, 930. So persons in fiduciary relations must keep correct accounts and render statements thereof whenever legally demanded. Amer. Digest, 1897, p. 5285, § 115. And a beneficiary may at any time demand an account.—27 Amer. & Eng. Encyc. of Law, 250. One of the contentions in the court below, pressed with a good deal of force, was, that under the will creating this trust there was no provision requiring this trustee to render accounts or to make statements to this complainant.

BESTOR & GRAY, *contra.*—There are no such allegations in the bill of complaint as will justify or authorize a court of equity to administer the trust and require Ladd to give bond as trustee. The lower court did not err in sustaining the first six grounds of demurrer. *Jones v. McPhillips,* 82 Ala. 102; *Jones v. McPhillips,* 77 Ala. 314; 2 Perry on Trusts, (2d ed.) 558, § 890; *Fowlkes v. M. & C. R. R. Co.,* 38 Ala. 310.

[Ladd, Guard. v. Ladd, Trustee, and Ladd, Trustee v. Ladd, Guard.]

TYSON, J.—This bill is exhibited by an infant to require the respondent, as trustee, to file his accounts in the chancery court and to give bond as such trustee. The will creating the trust is made a part of the bill. By its provisions the title to the property devised is vested in the respondent, and he is required to retain and manage it until the complainant marries or arrives at the age of twenty-one years. There is not a suggestion in the bill that the trust estate has not been well managed, or that it is in danger from any cause. Nor is there a hint that the respondent as trustee has not in the past fully discharged his duty, or even an apprehension expressed of any mismanagement in the future. There is no averment that complainant's guardian and next friend in this suit is ignorant of the condition and management of the trust property, which consists of a small amount of money in the hands of the respondent as the chosen trustee of the donor and a near kinsman of the complainant. Under these facts, shown as they are, by the averments of the bill, we must assume the case to be one in which the respondent as trustee is faultless in his conduct and management and in which the trust fund is safe in the custody in which it was placed by the donor. What room, therefore, is there for the interposition of the chancery court? Parties can no more come into a court of equity without a cause of action than they can into a court of law. And though the chancery court is figuratively said to be the guardian of infants, it should not and will not interfere with dispositions of property made by testators and trusts created except for wrong done or injury apprehended. Its jurisdiction can only be called into exercise to redress wrong or prevent injury.

The guardian of the complainant has no right to the property in question. It was conveyed to the respondent as trustee to manage during complainants' minority or until her marriage, and in his custody it must remain until for good cause shown. So long as the respondent is faithful and blameless, the fund is as secure in his hands as it would be in the custody of the chan-

cery court. That court having no right without cause to change the trust in form or substance as arranged by the testator, it has no right to require a bond of the respondent when the testator has expressly relieved him of giving one unless there is reason to apprehend that the safety of the fund requires it. The only complaint made against the respondent is that he refused, on the demand of the guardian of complainant, to furnish a statement showing "how much money or property he had received as such trustee, the dates on which he received the same, how the same had been invested, and what rate of interest the same was earning." The reply of the respondent to this demand is made a part of the bill, and it appears that while he denied the authority of the guardian as such to require the information to be given, he referred to a statement in the hands of the guardian showing the amount of money received by him in trust for the complainant. In the absence of averment that the respondent is not a suitable person to act as trustee, from insolvency, bad habits or other cause, or that he has managed the trust improperly or that there is cause to apprehend that the money is in danger of being lost to the complainant, we must presume that he is a suitable person and has acted with fidelity in the past and will continue to do so.

There is no error in the decree sustaining the demurrer to the bill. Indeed the bill was clearly subject to the objection taken to it for want of equity and the motion to dismiss should have been granted. It follows that the appellant takes nothing by her appeal and that the cross-appellant is entitled to have the bill dismissed.

The decree of the chancery court is affirmed in so far as the demurrer is sustained and reversed in overruling the motion to dismiss the bill for want of equity, and a decree will be here rendered dismissing it, at the cost of the main appellant.