(89 South. 271)

TUCKER et al. v. MORRIS.  (6 Div. 300.)

(Supreme Court of Alabama.  May 19, 1921.)

1. Executors and administrators ⚖=473, 474 (1)—Creditor may remove suit from probate to chancery before former obtains jurisdiction for final settlement, regardless of special equity.

Where a judgment and contract creditor of an estate, after the sale of certain property, sought removal of the administration from the probate to the chancery court, a demurrer to the bill for want of equity was properly overruled; such a bill, filed by a creditor before jurisdiction has attached in probate court for final settlement, possessing equity, without regard to the presence or absence of a special equity.

2. Equity ⚖=273—Creditor's amended bill adding matters to original bill for removal of administration of estate from probate to chancery held not demurrable for departure.

Where a judgment and contract creditor of an estate sought removal of the administration thereof from the probate to the chancery court, and thereafter amended her bill by the addition of certain paragraphs, a demurrer to such amended bill on the ground of its being a departure from the original bill was properly overruled; the amendment striking from the original bill no material averment and not being a substitute therefor, but merely adding matter thereto.

3. Pleading ⚖=8(9)—Allegation in bill for removal of administration from probate to chancery negativing entry of probate court on final settlement affirmation of fact, not conclusion.

In a suit by a judgment and contract creditor of an estate to remove the administration thereof from the probate to the chancery court, an allegation negativing the entry of the probate court on final settlement of the estate was an affirmation of fact, not a conclusion of the pleader, and so not demurrable.

Appeal from Circuit Court, Jefferson County; Hugh A. Locke, Judge.

Bill by Eula R. Morris against Ada May Tucker, as administratrix of the estate of James L. Gilbert, and others, to remove the administration from the probate to the chancery court, for an accounting and the collection of a judgment and another claim against the estate. From a decree overruling demurrers to the bill as amended, respondents appeal. Affirmed.

The bill charges that at the time of its filing complainant was and is a judgment creditor and contract creditor of the estate of James Gilbert, and alleges the sale of certain property, its purchase by Reeves, and his failure to pay into court the balance of the purchase money, and asks for an order requiring him to pay, the statement of the accounts of the administratrix, and a decree directing the payment of complainant's judgment and claim. It seeks removal of the estate and its further administration in the chancery court. A reference was held and the findings of the register reported and confirmed, and without exceptions filed thereto, and at a later date, on motion of the respondent, the finding of the register and the order confirming his findings were set aside. Motion was also made and granted to strike the report of the register from the file. Later the bill was amended, showing a judgment on the contract and the failure to pay same, the issuance of two executions and their return nulla bona, and a prayer for payment out of the funds of the estate.

Burgin & Jenkins, of Birmingham, for appellants.

The case of Rensford v. Magnus & Co. fully sustains all our contentions that the demurrers should have been sustained. 150 Ala. 288, 43 South. 853.

Arthur L. Brown, of Birmingham, for appellee.

Counsel relies on the case cited by appellants for an affirmance of the decree overruling the demurrers.

McCLELLAN, J. On October 2, 1916, the complainant, appellee, filed this bill, against the appellant and others, as a judgment, and also a contract creditor of James L. Gilbert, deceased. By consent, the respondents other than this appellant were eliminated. The original bill sought the removal of the administration of Gilbert's estate from the probate to the chancery court. After much sporadic activity in the cause, on the apparent assumption that the administration had in some way become removed from the probate to the chancery court, the complainant amended her bill (on January 14, 1921), by the addition thereto of paragraphs A to G, inclusive, as well as another prayer for removal of the administration, and for relief by way of discovery and enforced satisfaction of a demand that does not appear to be the same demand as that or as those described in the original bill. Nothing was taken out of the original bill by this amendment. The respondent demurred to the bill as amended on these grounds: A want of equity; departure from the original bill wrought by the introduction of the amendment; that only through conclusions of the pleader is it shown that the

probate court had not entered upon a final settlement of the estate.

[1-3] The court overruled the demurrer. This was proper under the authority of Rensford v. Magnus, 150 Ala. 288, 43 South. 853. Originally and as amended, the bill filed by a creditor possessed equity, and so without regard to the presence or absence of a special equity. The amendment was not a substitute for the original bill, it but added matter thereto. It struck therefrom no material averment. The allegation negativing the entry of the probate court upon final settlement of the estate was an affirmation of fact, not a conclusion of the pleader. The demurrer was, as stated, properly overruled. The decree is affirmed.

Affirmed.

ANDERSON, C. J. and SOMERVILLE and THOMAS, JJ., concur.