# Lambert v. Mallett.

## Bill in Equity for Injunction of Execution on Judgment.

*When equity will enjoin execution against administrator personally, on judgment against him officially.* — When an execution on a judgment or decree against an administrator, to be levied *de bonis intestatis*, has been returned "No property found," and the estate is afterwards declared insolvent, a court of equity will enjoin an execution against him personally, issued after the declaration of insolvency, although he may also have it superseded.

APPEAL from the Chancery Court of Butler.
Heard before the Hon. ADAM C. FELDER.

HERBERT & BUELL, for appellant.

POWELL & GAMBLE, *contra.*

B. F. SAFFOLD, J. — The appellee filed the bill, to restrain the appellant from enforcing an execution *de bonis propriis* upon a judgment which he had recovered against him as the administrator of the estates of Ezra and Simeon Deming. The ground for equitable interference was alleged to be, that the judgment was recovered in 1860, when the estates were solvent. They had become insolvent through the vicissitudes of the late war, and were so declared by the probate court in July, 1867. Although executions had before that time been issued on the judgment, none had been returned "No property." But, in August, 1870, an *alias* had been so returned; whereupon the execution complained of was issued. It was claimed that, by the declaration of insolvency, any further proceedings for the collection of the judgment were remitted to the probate court. The bill was demurred to, for want of equity. The court overruled the demurrer; and the facts stated being proved, a perpetual injunction was decreed.

The jurisdiction of equity over the administration of estates is so very general, that the line of separation between its powers and those of the law courts, in matters pertaining to administration, is obliged to be indistinct. There are many cases in which the actor, seeking relief indifferently in either forum, would not be remitted to the other. Whether the complainant might not have applied to the circuit court for a *supersedeas* of the execution, as in *McGehee* v. *Lomax*, at the last term, is immaterial; because the defence in this case, to wit, the insolvency of the estates, if it had not been declared by the probate court under our statutory regulations, is peculiarly within the province of equity, for ascertainment, when not withdrawn from it by statute. The original jurisdiction of a

court of equity is not taken away, because courts of law have assumed cognizance of its matters, nor because they have been committed by statute to other judicial tribunals, unless it is expressly withdrawn. Brick. Digest, p. 639. The demurrer was properly overruled. *Smith* v. *Nelson*, 6 Ala. 320; *Byrne* v. *McDow*, 23 Ala. 404.

The right of the judgment creditor to have an execution *de bonis propriis* is dependent upon the return of an execution *de bonis intestatis* "No property." R. C. § 2282. If, before such return is made, the estate is declared insolvent, and an administrator is appointed, the appointment vests all of the property of the estate in such administrator, and revokes any former grant of letters of administration. R. C. § 2195. The removed administrator thus becomes liable to the other for all of the assets in his possession. R. C. § 2233. As he is not authorized to appropriate them to the payment of the judgment, it would be highly unjust to render him personally liable because he did not do so. Besides this, the lien or priority of the judgment is lost by the declaration of insolvency, and it must be filed as any other claim against the estate. R. C. § 2196; *Ray* v. *Thompson*, 43 Ala. 434.

When it is said that a judgment against an administrator, with execution to be levied *de bonis intestatis*, is conclusive of assets, or a *devastavit*, it is not meant that his personal liability to pay it is beyond relief. The judgment is certainly conclusive against him, of any defence which he might have made before its rendition. But, if circumstances beyond his control have since made the estate insolvent, he ought not, in good conscience, to be held accountable. The judgment is also subject to review for the same reasons which would authorize it in other cases. But, whatever may be his liability for waste, the declaration of insolvency charges the parties to the litigation, and affects the measure of the creditor's recovery. The one must account to the administrator of the insolvent estate, and the other must take a *pro rata* distribution.

The decree is affirmed.