# Pilcher *v.* Hickman.

*Action of Trover against Sheriff.*

[Decided February 13, 1902.]

1. *Trover; when sheriff not guilty of conversion of property levied on under execution.*—Where property levied on by a sheriff under execution is in the possession of the defendant in execution, it is *prima facie* his, and subject to the levy if the officer knows nothing to rebut this presumption, and the sheriff cannot be charged with conversion thereof, unless, after notice that it belongs to another, he insists upon retaining possession of it and refuses to deliver it to the owner.

2. *Levy of execution by sheriff; demand of bond of indemnity under Code, section 1903.*—Where, at the time of a levy of execution upon personal property, it is in the possession of defendant in the execution, it is presumptively defendant's property, and the sheriff, in the absence of notice of anything to rebut the presumption, is not authorized to demand an indemnifying bond from plaintiff in the execution, or to refuse to make the levy or release it when made, upon the plaintiff's refusal to indemnify him, on demand.

3. *Sheriff; when liable in trespass or trover for sale under execution.*—Where a sheriff, after the levy of execution on person-

[Pilcher v. Hickman.]

al property and before its sale thereunder, acquires knowl-
edge of facts which, if followed up, would disclose that the
property was not in fact the property of the defendant in exe-
cution, and proceeds with the sale , notwithstanding such
knowledge on his part, he is liable to the true owner in tres-
pass or trover.

APPEAL from Henry Circuit Court.
Tried before Hon. JOHN P. HUBBARD.
Action of trover by T. B. Hickman against J. M.
Pilcher. The defendant pleaded the general issue and
justification under process, in the form of an execution
issued upon a judgment against one T. H. Hickman,
plaintiff's father, which was levied by defendant as
sheriff upon a mule in the possession of said T. H. Hick-
man, and the mule was duly sold thereunder. The
opinion states the facts. From a judgment for plaintiff
defendant appeals, assigning as error the refusal of the
general affirmative charge in his behalf.

W. O. LONG, for appellant, cited *Burgin v. Raplee*,
100 Ala. 433, 437; *Fortner v. Flannagan*, 3 Porter 257;
*McGowan v. Young*, 2 Stew. & Port. 160; Code, § 1807;
*Wright v. Spencer*, 1 Stew. 576; *Word v. Deadman*,
124 Ala. 288; *Meyer v. Hearst*, 75 Ala. 390; *Albright
v. Mills*, 86 Ala. 324; *Wilson v. Sawyer*, 37 Ala. 631.

ESPY, FARMER & ESPY, *contra*. No brief came to the
hands of the Reporter.

TYSON, J.—Action of trover, originally commenced
against sheriff and purchaser at execution sale. The
complaint was amended by striking out the purchaser
as party defendant and judgment was obtained against
the other defendant, who prosecutes this appeal.

The evidence shows, without dispute, that the execu-
tion was regular on its face and issued out of the cir-
cuit court of Henry county; and that it was levied upon
the mule found in the possession of the plaintiff's
father, who was the defendant in execution. That the

[Pilcher v. Hickman.]

mule had been in his possession ever since the plaintiff
claims to have owned it—some ten or twelve monhs.
After the levy, the defendant in this suit took posses-
sion of the mule and sold it under the execution as the
property of the defendant in the writ. It was admitted
by plaintiff that he saw the mule being taken under the
writ from the possession of his father and was present
when it was sold under execution. There was no evi-
dence that the sheriff had any knowledge of the plain-
tiff's claim to the mule or that plaintiff gave him any
notice whatever of his claim. We have noted the fact
of the knowledge of the plaintiff of the levy and sale,
not for the purpose of working out an estoppel against
him in this action against the sheriff, but simply to
show that he had the opportunity of giving notice that
the mule was his, and at least presumptively showing
that the sheriff had no knowledge of his claim, but re-
lied upon the father's possession as evidence of his own-
ership. Whether his conduct would work an estoppel
against him as against the purchaser we need not and
do not decide. Having found the mule in the posses-
sion of the father, the defendant in execution, the sher-
iff had the right, in the absence of knowledge or infor-
mation to the contrary, to presume that he was the
owner of it, and it was his duty to levy upon it as the
property of such defendant (Murfree on Sheriffs, §
963) ; and, of course, it was his duty to sell it unless he
came into the posession of a knowledge of facts before
the sale which if followed up would have disclosed that
the property did not belong to the father. Doubtless
if after acquiring such information, he then proceeded
with the sale, he could be made liable in trespass or
trover. Nor could this duty, under the undisputed facts
of this case, have been shirked by him so as to avoid re-
sponsibility to the plaintiff in execution by resort to a
demand for bond of indemnity under section 1903 of the
Code. It is only when a reasonable doubt exists whether
the personal property levied on belongs to defendant in
execution, that such bond can be demanded. Where, as
here, the defendant in the writ was the *prima facie*
owner, in the absence of anything to rebut the presump-

[Kress v. Porter.]

tion, the sheriff would have had no right to refuse to make the levy or to release it after made, had the plaintiff refused to have indemnified him upon demand.  So then the facts of this case clearly bring it directly within the principle laid down by Mr. Freeman:  "If the property is in possession of the defendant in execution, it is *prima facie* his.  The officer may, therefore, levy upon it, if he knows nothing to rebut this presumption, and cannot be charged as guilty of a conversion, unless, after notice that it belongs to another, he insists upon retaining possession of it and refuses to deliver it to the owner."—2 Freeman on Executions (3rd ed.) § 254.

The affirmative charge requested by defendant should have been given.

Reversed and remanded.