# Gillespie v. Campbell.

## Assumpsit.

(Decided Feb. 7th, 1907. 43 So. Rep. 28.)

1. *Administrator; Action Against; Complaint.*—The complaint claimed by an account stated against the administrator of a certain date; by account stated between plaintiff and decedent on the same date; for work and labor done for decedent, and averred that said claim was verified by affidavit and filed in the office of the judge of probate within twelve months of the grant of letters of administration, and that all the counts in the complaint are for one and the same cause of action. Held, sufficient, as against the objection that it fails to state for what the indebtedness was incurred; that it is indefinite as to whether the work was done for the administrator or for the decedent, and that it fails to show that the claim was filed in the probate court within twelve months of the grant of letters of administration.

2. *Same; Claim Against Decedent; Verification; Amendments.*—The omission in the verification of the claim that the sum demanded is the sum due after allowing all proper credits, is an amendable defect under section 133, Code 1896.

3. *Evidence; Best Evidence; Record of Court.*—The docket entries made by the probate court is the best evidence of the filing and docketing of the claim against the estate of the decedent.

4. *Administrators; Claims against the Estate; Evidence; Proof of Similar Transactions.*—In an action against the adminis-

13

trator for work and labor done for decedent during his last illness, it was irrelevant to show what the administrator paid others for waiting on decedent during his last illness.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. A. COLEMAN.

Action by Caroline I. Campbell against James M. Gillespie, administrator. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

The first count in the complaint was for $191, due by the administrator as such by account made by decedent on the 5th day of October, 1903. The second count was on an account stated between plaintiff and decedent on the same day. The third count was for work and labor done for decedent and his wife during his lifetime and at his request from the 1st day of March, 1903, to the 5th day of October, 1903, with the additional averment that said claim was verified by affidavit and filed in the office of the judge of probate of Jefferson county, Ala., and was for the money claimed in all the counts of this complaint, and that said claim was filed in said probate judge's office against said estate on the 24th day of August, 1904, and within 12 months from the grant of letters of administration; and plaintiff avers that all the counts of the above complaint are for one and the same cause of action. Demurrers were interposed as follows: "The first count claims for money due by account, but fails to state for what the indebtedness was incurred. The third count is indefinite as to whether the work was done for the administrator or the intestate. The third count does not allege that the work and labor was done by plaintiff during the lifetime of the intestate. The complaint does not show whether the claim was for the account stated mentioned in the second count, or for work and labor claimed in the third count. The complaint does not state that the claim filed against the estate of the decedent in the probate court was verified by affidavit. The complaint does not state that said claim filed in the probate court was filed within 12 months after letters of administration were granted. It does not appear what claim was filed in said probate court. It does not

appear that said claim was filed in said probate court, verified by affidavit, within the time prescribed by law, describing said claim with certainty. It does not appear from the complaint by whom the said claim alleged to have been filed was verified." These demurrers being overruled, the defendant filed several pleas, not necessary to be here set out, on which issue was joined. The claim offered in evidence was verified as follows: "Before me, Jasper Satterfield, a notary public in and for said county, in said state, personally appeared Caroline I. Campbell, who, being duly sworn by me, deposes and says that the above-stated account is true and correct, and that it is past due and unpaid." Subscribed and signed by Caroline Campbell, and attested by Jasper Satterfield, notary public. Indorsed: "Filed in office this the 24th day of August, 1904, as a claim against the estate of John G. Gillespie, deceased. (Signed) J. P. Stiles, Judge of Probate." The defendant objected to the introduction of this evidence, because it was not sworn to in the manner required by law, and because the claim is not shown to have been filed and docketed by the probate judge as required by law. Upon examination of the defendant as a witness, the plaintiff asked the defendant "what he had paid Jane Rhody, his daughter, to stay with the intestate the last three months of his last illness." Objection was interposed by defendant, and was overruled by the court.

JOHN W. TOMLINSON, and J. G. CREWS, for appellant.—The claim against the estate was not properly verified.—§ 133, Code 1896. Evidence of what the administrator paid another for alleged services for the deceased is inadmissible.—Collins v. Fowler, 4 Ala. 647; K. C. M. & B. R. R. Co. v. Burton, 97 Ala. 240. The verdict not being regularly found and declared in open court, did not entitle the prevailing party to a judgment thereon.—Jackson v. The State, 102 Ala. 76; Jones v. The State, 97 Ala. 77; 28 A. & E. Ency. P. & P. p. 417. The filing and docketing of a claim against the estate must be shown by the best evidence.—KorneNay v. Meyer, 135 Ala. 141.

JOHN D. STRANGE, for appellee.—There was no objection to the verdict as it was returned.—*Grace v. McKissack,* 49 Ala. 163, and authorities there cited.

DOWDELL, J.—The complaint was on the common counts. We fail to see any merit in the demurrer to the complaint as amended.

The account as filed in the probate court was not verified as required by the statute. The verification omitted the words, "after allowing all proper credits."—Section 133, Code 1896. But by the provisions of this statute this defect or insufficiency of the verification may be cured by amendment.

In *Kornegay v. Mayer,* 135 Ala. 141, 33 South. 36, it was decided that the highest and best evidence of the filing and docketing of the claim in the probate court is the docket entries there made.

What the administrator paid some other person for waiting on the deceased during his last illness was wholly irrelevant and immaterial. It was error to admit this evidence against the objection of the defendant, and for this error the case must be reversed. As the judgment must be reversed, and the cause remanded for another trial, it is unnecessary to consider the question of the court's receiving the verdict after the jury had been discharged by the clerk without an order of the court.

Reversed and remanded.

TYSON, C. J., and ANDERSON and McCLELLAN, JJ., concur.