(96 South. 424)

## PLANTERS' CHEMICAL & OIL CO. v. DANIEL, Sheriff. (7 Div. 330.)

(Supreme Court of Alabama. May 3, 1923.)

1. **Evidence** ⬦➔147—In action on sheriff's bond, testimony that witness had seen no indications of attempt to move goods on which sheriff should have levied admissible.

On a motion for judgment on a sheriff's bond for failing to make money on an execution, where the jury might have inferred from the residence of one of movant's witnesses in the neighborhood of a store containing goods on which the sheriff failed to levy, that the witness would have noticed preparations to move the stock, which should have attracted the notice of the sheriff, permitting the witness to testify on cross-examination that he had not seen any indications of an attempt to move the goods prior to the visit of the sheriff, or during that day, was not error.

2. **Evidence** ⬦➔114—Question as to whether witness had handled collection for his employer on resale of goods taken before levy of execution held not relevant.

On a motion for judgment on a sheriff's bond for failure to make money on an execution, where a traveling salesman testified that he heard the sheriff tell the judgment debtor that he had an execution to levy on certain goods, and that, after the sheriff left without making the levy, the salesman took some of the goods for a debt due his employers, a question as to whether the witness had handled a collection account for his employers for a resale of the goods back was not relevant to any issue involved.

3. **Evidence** ⬦➔89—Competent for sheriff to show true date of delivery of execution to him or his office.

On a motion for judgment on a sheriff's bond for failing to make money on an execution, it was competent for defendant to show the true date of the delivery of the execution to him or his office, notwithstanding the different date indorsed thereon in presumptive obedience to Code 1907, § 4097.

4. **Sheriffs and constables** ⬦➔159—Permitting sheriff to show urgency of business between receipt of execution and levy held proper.

On a motion for judgment on a sheriff's bond for failing to make money on an execution, permitting the sheriff to show the extent and urgency of business during a few days between his receipt of the execution and his attempt to make a levy, as tending to show good faith and reasonable diligence, was proper.

5. **Trial** ⬦➔196—Instruction as to doubt in mind of sheriff as to ownership of property to be levied on held to reflect on sheriff's excuse for failure to levy.

Under Code 1907, § 5906, requiring a sheriff to use due diligence to make money on an execution, and section 4107, providing that, in case of reasonable doubt whether property belongs to defendant or is subject to levy, the sheriff may require a bond of indemnity, if

evidence showed the question of reasonable doubt was one for the jury, a charge requested by the movant against sheriff for failing to make money on an execution, referring to "any alleged doubt in the mind of the sheriff" would have been properly refused, since it reflected prejudice on the character of the sheriff's excuse for deferring a levy.

6. **Sheriffs and constables** ⬦➔159—General charge as to liability of sheriff failing to levy on goods should have been given.

On a motion for judgment on a sheriff's bond for failing to make money on an execution, where there was no doubt as to the ownership of the goods of the execution creditor, and on account of an empty threat by the latter the sheriff delayed until he could get an indemnity bond, and so lost the goods through their removal, a general charge duly requested by the movant, should have been given.

7. **Sheriffs and constables** ⬦➔107—Charge on liability for failure to levy on goods should have been given.

On a motion for judgment on a sheriff's bond for failing to make money on an execution, where the sheriff because of the threat of the judgment debtor, failed to levy until he could get an indemnity bond, although there was no dispute as to the ownership of the goods or their liability to levy, an instruction, requested by the movant, that if the sheriff had received a regularly issued execution, and found the judgment debtor in possession of goods sufficient to satisfy the execution, and that the judgment debtor did not claim they belonged to any one else, to find for the movant for any balance due on the execution, with interest and 10 per cent. damages, should have been given.

8. **Sheriffs and constables** ⬦➔159—Charge that sheriff's attention to duties of office no excuse for failure to levy on goods should have been given.

On a motion for judgment on a sheriff's bond for failing to make money on an execution, where the sheriff took an execution to the store of the judgment debtor, and on his threat to sue on the sheriff's bond the sheriff delayed to get an indemnity bond, although the ownership of the goods and their liability to levy was not in question, an instruction requested by the movant that the fact that the sheriff was engaged in other duties of his office was no excuse for not levying execution should have been given.

9. **Sheriffs and constables** ⬦➔107—Charge that there was no reasonable doubt as to ownership of property levied on should have been given.

On motion for judgment on a sheriff's bond for failing to make money on an execution, where the sheriff went to the store of the judgment debtor, and, on being threatened with suit on his bond if he made the levy, delayed to get an indemnity bond, and so lost the goods through their removal, an instruction, requested by the movant, that there could not be a reasonable doubt as to the ownership of the property, if the judgment debtor claimed it was his when the sheriff came to the store, should have been given.

⬦➔For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appeal from Circuit Court, Cherokee County; W. W. Haralson, Judge.

Motion for summary judgment by the Planters' Chemical & Oil Company against Joe S. Daniel, as Sheriff of Cherokee County and the National Surety Company, as surety on his official bond. Judgment for defendants, and movant appeals. Reversed and remanded.

The motion shows that the Planters' Chemical & Oil Company on July 29, 1915, recovered a judgment against G. O. Stout in the circuit court of Cherokee county, certificate of which was on said date filed and recorded in the office of the probate judge. On September 6, 1916, an execution was issued on said judgment and returned "No property found." On October 5, 1920, an alias execution on said judgment was issued by the clerk of the circuit court and placed in the hands of the sheriff. It is averred that, several days after the execution was placed in the hands of the sheriff, he went to the place of business of the defendant in execution and informed the latter of the existence of the execution, at which time there was in the storehouse of Stout goods, etc., of more than sufficient value to satisfy movant's judgment, but that the sheriff, after informing Stout of the existence of the execution, returned to his office at the county seat without levying on said goods, etc., and that thereafter Stout did sell, conceal, remove, or dispose of a large part of the goods then on hand, preventing the same from being made subject to the execution. It is further averred that within a day or two thereafter the sheriff returned to the place of business of Stout and levied upon such property as remained undisposed of, and it is averred that, on account of the conduct of the sheriff in informing defendant in execution of the existence thereof and failure of diligence to make levy, movant lost the fruits of its judgment.

F. K. Edge, a witness for movant, testified on direct examination, among other things, that he was present at the store of Stout when the sheriff came there; that there was in the store a stock of merchandise worth, in his judgment, $2,500; that he heard what the sheriff said to Stout, and that Stout asked the sheriff, "Have you got an indemnity bond?" to which the sheriff replied, "No, I haven't," and Stout said, "You had better know what you are doing before you lock my door." He further testified that the sheriff endeavored to arrange over the telephone for a bond, and, failing, stated that he would go back to town and get it fixed up, after which the sheriff drove away; that he was back at the store the next day, and that the goods were not all there. On cross-examination this witness was asked these questions by defendant:

"Prior to this time, had you seen or heard anything there indicating that he was going to move this stock of goods?" and "Did you see or hear anything there that day that indicated he was going to move his stock away from there?"

To each of the questions movant objected, the court overruled the objections, and the witness answered, to each, "No, sir."

Henry Coker, a witness for movant testified that he was a traveling salesman for Gillian and Jordan, of Gadsden, to whom Stout was also indebted, and that he was present on the day the sheriff first came to the store of Stout; that on the following day he bought out of the store of Stout enough goods to cover the debt of his employers; that these goods were carried to the depot, but he did not know whether they were ever shipped. He could not say he ever saw the goods after that, and did not know what became of them. Thereafter this witness was asked this question by movant, the sustaining of objection to which is made the basis of the fifth assignment of error:

"Did you ever handle a collection account for Gillian & Jordan for a resale of the goods back?"

The defendant was permitted to elicit evidence showing that the execution was indorsed as having been received by the sheriff October 5, 1920, but that he in fact received it October 8, 1920, and also to introduce entries from the court dockets showing the duties of the sheriff during the time in question. The defendant himself testified:

"I went over there to Stout's store, and went in the store, and I told him I wanted to speak to him a minute, and we walked to the back end of the store, and I says, 'Mr. Stout, I have an execution here to lock this place up;' and he said 'Have you an indemnity bond?' and I said, 'No, sir;' and he said, 'If you lock it up, I will sue you on your bond, and you had better know what you are doing before you do it;'" that, failing to reach the attorney for plaintiff in execution on the telephone, he returned to the county seat, and as soon as county court was over (October 13, 1920) he went back and made the levy on what of the goods were left.

Charges 4, 6, and 8, refused to movant, read:

"(4) The court charges the jury that, if you find from the evidence that movant recovered a judgment against G. O. Stout, and that a certificate of such judgment was filed for record and recorded same in the probate office of Cherokee county, Ala., according to law, and that the execution was regularly issued thereon and placed in the hands of Joe S. Daniel, sheriff, and that he went to G. O. Stout's store, and found Stout in the possession of a stock of goods of sufficient value to satisfy such execution, and that said Stout did not claim the goods to belong to any other person than him-

365

(209 Ala.)

self, then your verdict should be for the movant for the amount of any balance due on such execution, with the interest thereon, and 10 per cent. damages."

"(6) The court charges the jury that the mere fact that the sheriff was engaged in duties pertaining to his office, other than the levy of the execution in this case, is no excuse in this case for his not performing his duty to levy the execution in this case upon the stock of goods of defendant, G. O. Stout."

"(8) I charge you, gentlemen of the jury, that in this case there could not be a reasonable doubt as to the ownership of the property, if Geo. Stout claimed it was his property at the time Daniel came to his store."

J. M. Miller, of Gadsden, and Hugh Reed, of Centre, for appellant.

The court erred in rulings on the evidence. Larkinsville Min. Co. v. Flippo, 130 Ala. 361, 30 South. 358; 3 Mayf. Dig. 463; Code 1907, § 4097; Birmingham Co. v. Bledsoe, 117 Ala. 495, 23 South. 153. The movant was due the general affirmative charge. Code, § 5906; Higdon v. Fields, 16 Ala. App. 182, 76 South. 466; Pilcher v. Hickman, 132 Ala. 574, 31 South. 469, 90 Am. St. Rep. 930; 2 Mayf. Dig. 563; Mattingly v. Houston, 167 Ala. 167, 52 South. 78; Murphree on Sheriffs, § 965.

Hugh White, of Montgomery, for appellee.

Preparations to move a stock of goods away from a store are of such nature that they would be open to the observation of a man familiar with the situation. Killen v. Lide's Adm'x, 65 Ala. 505; 1. Brickell's Dig. 810. The scope of cross-examination is largley within the discretion of the trial judge. Bradford v. Buttram, 205 Ala. 599, 88 South. 829; Smiley v. Hooper, 147 Ala. 646, 41 South. 660; Clay v. Sullivan, 156 Ala. 392, 47 South. 153. The requirement of the statute that the sheriff indorse the date of receipt of executions does not exclude all other proof of the exact time received. Hester v. Keith, 1 Ala. 316; Childs v. Jones, 60 Ala. 352; Craven v. Higginbotham, 83 Ala. 429, 3 South. 777; Adler v. Potter, 57 Ala. 571; Hauerwas v. Goodloe, 101 Ala. 162, 13 South. 567. Evidence of the situation of the sheriff with reference to other duties was admissible. 35 Cyc. 1537; Whitsett v. Slater, 23 Ala. 626. There was no error in refusing to movant the general charge and charges 4, 6, and 8. Authorities ubi supra; Shipp v. Shelton, 193 Ala. 658, 69 South. 102.

SAYRE, J. Summary proceeding against the sheriff for failing to make money on an execution.

[1] There was no error in allowing the witness Edge to answer questions which drew out the information that he had seen nothing to indicate that defendant in execution was about to move his stock of goods, tantamount to a statement that he had seen no preparations for removing the stock. The jury might have inferred, from witness' residence in the neighborhood and his presence at the store on various and frequent occasions, that, if preparations for moving the stock had been made in such sort as might have been reasonably expected to attract the sheriff's diligent attention, the witness would probably have noticed the fact, and this, in combination with other conceivable circumstances, might have been some evidence that the sheriff had not been negligent in levying movant's execution. Killen v. Lide, 65 Ala. 508. The propriety of their subject-matter being assumed, there was no tenable objection to the form of the questions. It is not perceived how otherwise witness' observations as to the absence of facts could have been conveniently elicited, and, moreover, these questions were asked on the cross-examination of movant's witness—a matter as to which the court was privileged to exercise some latitude of discretion. Bradford v. Buttram, 205 Ala. 601, 88 South. 829. On these considerations we find no error in these rulings.

[2] We do not find that the question asked of the witness Coker by movant, and made the subject of the fifth assignment of error, was relevant to any issue involved.

[3] It was competent for defendant to show the true date of the delivery of the execution to him or his office, notwithstanding the different date indorsed thereon in presumptive obedience to the statute (section 4097 of the Code). Hester v. Keith, 1 Ala. 318; McMahan v. Green, 12 Ala. 73, 46 Am. Dec. 242.

[4] The court properly permitted the sheriff to show the extent and urgency of the business during the time—a few days—elapsing between his receipt of movant's execution and his effort to make a levy, as tending to show his good faith and reasonable diligence. It was incumbent on him to give attention also to other process in his hands. 35 Cyc. 1537; Whitsett v. Slater, 23 Ala. 626.

[5] Defendant, as sheriff, was required to use due diligence to make the money on movant's execution. Code, § 5906; Governor v. Campbell, 17 Ala. 570; O'Bryan v. Webb, 142 Ala. 263, 37 South. 935. Section 4107 of the Code provides that, "when a reasonable doubt exists whether the personal property levied on belongs to defendant, or whether personal property alleged to be his is subject to levy and sale, the sheriff may require of the plaintiff, his agent, or attorney, a bond of indemnity," and may decline to levy, if it is not made, etc. Defendant sought to avail himself of the protection of this statute, and ordinarily it would have been a question for jury decision whether the evidence offered on his behalf brought him within the purview of the statute. Assuming a conflict in the tendencies of the evidence in respect of the existence of a reasonable doubt, charge

2, requested by movant, would have been properly refused, for the reason that it spoke of·"any alleged 'doubt in the mind of the sheriff," thus prejudicially reflecting on the character of defendant's excuse for deferring a levy while he might have an opportunity to demand an indemnity. This much, however, is said of the charge on the assumption that the question whether the evidence sufficed to show the existence of a reasonable doubt was a question for the jury, as we have already said, and in view of the fact that such a charge may be requested on another trial, in which the evidence may be different from that shown by the record on this appeal.

[6-9] Appellee criticizes charges 4, 6, and 8, refused to movant, as being, in the circumstances shown by the evidence and without contradiction or justifiable inference to the contrary, equivalent in effect to the general charge. This view of the effect of these charges is substantially correct in our judgment. There was no evidence from which defendant or the jury were authorized to draw the conclusion that there was any doubt as to the ownership of the goods at the time when defendant first went to the store of the 'defendant in execution to make a levy. ··'Defendant in execution, to the knowledge of the defendant sheriff, had been doing business at the place where he then was for several years. The defendant in this cause went there to make a levy. All question concerning his other duties became immaterial, for, notwithstanding those duties, he found time to go to the store; all he then had to do was to make a levy and turn the key. Instead, and, for aught appearing, solely on account of an empty threat by the defendant in execution, the defendant here deferred the levy until he could demand an indemnifying bond of plaintiff's attorney, to find, upon his return next day, that the stock of goods had disappeared. Nothing less than a reasonable doubt whether the stock of goods belonged to defendant in execution, or whether it was subject to levy and sale, will justify a demand for an indemnity bond. Defendant in execution was in possession of a stock of goods in a place where, as we have said, he had been doing business for several years, as the sheriff knew. In the absence of anything to rebut the presumption of ownership and liability, he had no right to refuse to make the levy, nor could his duty to make it then and ·there be avoided or evaded, on the ground 'of a threat that meant nothing, that he observed no preparations to remove the goods, or by reason of his misplaced confidence in the owner of the goods. Pilcher v. Hickman, 132 Ala. 574, 31 South. 469, 90 Am.'St. Rep. 930.

The general charge, which was duly re-

quested by movant, and ·the charges last above referred to, should have been given.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.