(102 So. 118)

SMITH, Sheriff, et al. v. ALABAMA GREAT SOUTHERN R. CO. (5 Div. 884.)

(Supreme Court of Alabama. Nov. 20, 1924.)

1. **Sheriffs and constables** ⊜90—**Sheriff cannot demand indemnity when execution defendant has in possession property prima facie subject to levy.**

Where defendant in execution has in his possession property prima facie subject to levy, sheriff cannot refuse to levy execution de bonis propriis under Code 1907, § 2814, because demand for indemnity bond made under Code 1907, § 4107, is refused, such section applying only when personalty to be levied on and not applying to realty.

2. **Executors and administrators** ⊜454—**Execution against administrator personally is substitute for action of devastavit.**

Proceedings under Code 1907, § 2814, providing for execution against executor or administrator personally, is substitute for an action for devastavit against personal representatives when execution de bonis intestati has been returned "no property."

3. **Executors and administrators** ⊜453(4)—**Judgment against representatives is conclusive as to amount due and sufficiency of assets to pay.**

Judgment or decree against personal representative in his representative capacity, if

permitted to stand, is conclusive against him of amount due and owing by him, and that he has sufficient assets to pay it.

**4. Sheriffs and constables ☞106—Right to protect against personal liability on judgments granted representative of insolvent estate does not affect sheriff's liability for failing to levy execution.**

Right granted personal representative of insolvent estate by Code 1907, §§ 2793, 2794, 2803, to protect against personal liability on judgments does not affect sheriff's liability for failure to levy execution de bonis propriis against personal representative.

Appeal from Circuit Court, Tallapoosa County; S. L. Brewer, Judge.

Action for devastavit by the Alabama Great Southern Railroad Company against B. B. Smith, Sheriff, and sureties on his official bond. From a judgment for plaintiff, defendants appeal. Transferred from Court of Appeals under section 6, page 449, Acts 1911. Affirmed.

January 16, 1917, appellee recovered judgment in the circuit court of Lee county against J. T. Fuller, as administrator of the estate of J. L. Fuller, deceased. There was no suggestion of the insolvency of the estate in the keeping of defendant administrator. February 27th appellant Smith, then sheriff of Tallapoosa county, returned an execution against J. T. Fuller, as administrator, "no property," and on March 29th the sheriff of Lee county made a similar return on an execution of the same tenor which had been issued to his county. April 9th execution against J. T. Fuller personally was placed in the hands of Sheriff Smith. April 11th appellant Smith, sheriff as aforesaid, demanded a bond of indemnity as a condition to levying execution upon the individual property of J. T. Fuller, but plaintiff on April 14th refused to make such bond, and demanded of the sheriff that he levy the execution according to its command. This last execution was held by him without service or return until June 29th, when he returned it with an indorsement showing that its collection de bonis propriis had been enjoined by a writ from the circuit court of Lee. June 28th, on the bill of J. T. Fuller, a temporary injunction was issued enjoining the levy of the last-mentioned execution on the individual property of said Fuller; but November 5th said injunction was discharged, and shortly thereafter the bill was dismissed for want of prosecution. Also it appeared in evidence that on March 20th J. T. Fuller as administrator aforesaid filed in the probate court a report of the insolvency of the estate in his keeping; that on May 14th an order was made setting the insolvency report down for hearing on June 15th; and that on said last-mentioned date a decree was entered declaring the estate of J. L. Fuller, deceased, to be insolvent. This decree was certified to the circuit court three days later—all this in the year 1917. The evidence showed that during that year J. T. Fuller owned and was in possession of sufficient property, both real and personal, to satisfy plaintiff's judgment. June 4, 1919, appellee brought this action against Sheriff Smith and sureties on his official bond as for a devastavit in failing to make the money on the execution against J. T. Fuller de bonis propriis. The facts were without dispute, and the court gave the general charge in favor of plaintiff, appellee.

Jas. W. Strother, of Dadeville, for appellants.

To recover in a case of this kind, actual damage must be shown from the negligence of the sheriff. The estate against which judgment had been obtained being insolvent, the personal property of the administrator was not subject to the judgment. Newcomb Bros. Co. v. Wiggins, 201 Ala. 551, 78 So. 905; Smith v. Heineman, 118 Ala. 202, 24 So. 55; Abbott, Downing & Co. v. Gillespy, 75 Ala. 180; Bryan v. Kelly, 85 Ala. 569, 5 So. 346.

Denson & Denson, of Opelika, for appellee.

During the progress of the suit, it was the right of the representative to show that the estate of his intestate was or had been reported insolvent. Code 1907, §§ 2793, 2794, 2795, 2796; Woodall v. Wright, 142 Ala. 205, 37 So. 846. A judgment against an administrator as such, if allowed to stand, and execution returned "no property," is conclusive on the administrator that the amount thereof is due and owing him as such, and evidences that he is guilty of a devastavit. Code 1907, § 2814; Dangaix v. Lunsford, 112 Ala. 403, 20 So. 639. It is the duty of a sheriff promptly to serve process issued to him. 24 R. C. L. 925; Ward v. Deadman, 124 Ala. 288, 26 So. 916, 82 Am. St. Rep. 172; Code, 1907, § 4098; Lindsay's Ex'rs v. Armfield, 10 N. C. 548, 14 Am. Dec. 603; Wilson v. Brown, 58 Ala. 62, 29 Am. Rep. 727; Abbott v. Gillespy, 75 Ala. 180; N. A. R. Co. v. Lowery, 3 Ala. App. 511, 57 So. 260.

SAYRE, J. The execution against J. T. Fuller, de bonis propriis, was issued in pursuance of section 2814 of the Code of 1907:

"2814. *When execution issues de bonis propriis.*—When any judgment is rendered in the circuit court against any executor or administrator, as such, and an execution thereon has been returned 'no property' by the sheriff or other officer of the county in which such judgment was rendered, an execution may issue against the executor or administrator personally, to be levied on his goods and chattels, lands and tenements."

---

[1] Appellee's case against the sheriff and his sureties is not to be prejudiced by reason of the fact that appellee refused to make a bond of indemnity as the sheriff demanded it should do. Section 4107 of the Code of 1907, under which the demand was made, contains no provision in respect of levies on real property. It deals exclusively with the matter of levies made or about to be made on personal property. The provision is that the sheriff may require a bond of indemnity when a reasonable doubt exists whether the personal property levied upon or about to be levied upon belongs to the defendant or is subject to levy and sale; but the defendant in execution had in his possession property prima facie subject to the writ; nothing appeared to the contrary. It was the sheriff's duty to make the levy, and he had no right to refuse because his demand for a bond of indemnity had been refused. Pilcher v. Hickman, 132 Ala. 574, 31 So. 469, 90 Am. St. Rep. 930.

[2, 3] The history of section 2814 and its meaning are shown in Dangaix v. Lunsford, 112 Ala. 403, 20 So. 639. The proceeding under it is a substitute for an action against the executor or administrator as for a devastavit when execution de bonis intestati has been returned "no property." From the case just mentioned, from Banks v. Speers, 97 Ala. 560, 11 So. 841, and from the cases there cited, it appears to be the settled law of this state that a judgment or decree against a personal representative in his representative capacity, if permitted to stand, is conclusive on the personal representative of the amount due and owing by him as representative, and that he has in his hands sufficient assets for its payment. "These presumptions he will not be heard to gainsay or deny." The statute law affords to executors and administrators opportunity, deemed sufficient by the Legislature, to ascertain the condition of an estate in their hands so that, if the estate be insolvent, they may avoid personal liability by pleading insolvency. Thus section 2803 of the Code of 1907 provides that—

"No suit must be commenced against an executor or administrator, as such, until six months, and no judgment rendered against him, as such, until twelve months after the grant of letters testamentary or of administration."

He may, at any time before judgment, plead specially that the estate has been declared insolvent. Code, § 2794. And during the progress of any suit he may show that the estate in his keeping has been reported insolvent, and thereupon have a continuance until the final disposition of such report. Code, § 2793. And in Lambert v. Mallett, 50 Ala. 73, it was said that, while the judgment is certainly conclusive of any defense he might have interposed, if circumstances beyond his control have since made the estate insolvent, the administrator ought not, in good conscience, to be held personally accountable. And we may assume that some such ground of relief was set up in the bill which was filed by the administrator in this case; but that bill came to naught, and, we may add, there was in this case no proof to bring the defendant administrator's case within the influence of the doctrine of Lambert v. Mallett, supra.

[4] But the foregoing considerations are addressed to the equity of the case as against the administrator personally. With that case the sheriff had no concern, nor did it signify to him anything of legal consequence that a report of insolvency had been filed after judgment. So long as the judgment was permitted to stand, it was conclusive against the defendant in execution and, of course, against the sheriff. It was his duty to levy according to the mandate of the writ, leaving the rest, if occasion should arise, to be determined on appropriate proceedings to be had between the parties to the judgment.

Appellant failed and refused during the time from April 9th to the date of the injunction, June 28th, to levy on the property of the defendant in the execution de bonis propriis. In Whitsett v. Slater, 23 Ala. 626, the sheriff failed to levy for 30 days after he had received an execution against a citizen of his county, who was in open possession of personal property sufficient to satisfy it, and the court held that he was guilty of a want of due diligence. This case was cited with approval in Planters' Chemical Co. v. Daniel, 209 Ala. 363, 96 So. 424, and such, in effect, was also the decision in Pilcher v. Hickman, supra.

We see no recourse on the record before us but to affirm appellants' liability.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.