2 So.2d 754

**MOEBES et al. v. KAY.**

**8 Div. 35.**

Supreme Court of Alabama.

May 29, 1941.

E. W. Godbey, of Decatur, for appellants.

Harris & Harris, of Decatur, for appellee.

LIVINGSTON, Justice.

Cynthia Kay, the appellee and a judgment creditor, filed her bill of complaint in the Circuit Court of Morgan County, Alabama, on her own behalf and on behalf of all other creditors, against Joe W. Lipscomb, Press N. Lipscomb, Mattie Moebes, Grace Edgemon, J. P. Lipscomb, individually and as administrator of the estate of D. F. Lipscomb, deceased, Lottie E. Walter, individually and as administratrix of the estate of D. F. Lipscomb, deceased, the National Surety Company, a corporation, James H. Collier, J. J. McCutcheon, W. E. Garrison, and J. W. Bowling.

The respondents the National Surety Corporation, James H. Collier, J. J. McCutcheon, W. E. Garrison and J. W. Bowling are alleged to be sureties on the official bonds of J. P. Lipscomb and Lottie E. Walter, as administrator and administratrix of the estate of D. F. Lipscomb, deceased. The other respondents are alleged to be the children and sole heirs at law of D. F. Lipscomb, deceased, and are over the age of twenty-one years.

The bill as last amended seeks the removal of the administration of the estate of D. F. Lipscomb, deceased, from the Probate Court of Morgan County, Alabama, to the circuit court, in equity, of said county, a discovery of the property of said Lipscomb, and an accounting for the same; a sale of certain specifically described real estate belonging to D. F. Lipscomb at the time of his death, and general relief.

The bill of complaint was filed in the Circuit Court of Morgan County, Alabama, in equity, on December 5, 1936. An order of removal was made and entered by the Hon. A. A. Griffith, Circuit Judge, on December 7, 1936.

To the bill of complaint as last amended, the respondents Joe W. Lipscomb, Mattie Moebes, Grace Edgemon and Press N. Lipscomb filed demurrers. The demurrers were overruled and the respondents Mattie

Moebes, Grace Edgemon and Press N. Lipscomb appeal. It will be noted that the respondents who are testing the bill by demurrer, and who are appellants here, are the children and heirs at law of the said D. F. Lipscomb, deceased.

The decree from which this appeal is taken recites the filing and overruling of demurrers of the administrator and administratrix of the estate of D. F. Lipscomb, deceased, and the National Surety Corporation, surety on the official bonds of the administrator and administratrix, but no appeal was perfected by them. Their appearance, and written consent for a severance in the assignment of error, filed in the cause, and their failure to appeal, eliminates them so far as this appeal is concerned.

Without setting out in detail the allegations of the bill of complaint, and the numerous grounds of demurrer, this record presents the following questions for the consideration of this court: 1. The right of a judgment creditor of the estate of a deceased person to remove the administration of the estate from the probate court to the equity court? 2. When can an amendment of the affidavit supporting a claim filed in the probate court against the estate of a deceased person be made? 3. Under what conditions or circumstances may a judgment creditor sell the real estate of a deceased person who died intestate for the satisfaction of his judgment recovered against the personal representative in his representative capacity?

■ Addressing ourselves to the first question, we hold that irrespective of statute a judgment creditor may by bill of complaint remove the administration from the probate court into the equity court as a matter of right before jurisdiction has attached for final settlement and after, upon the averment of special equity. Irwin v. Irwin, 227 Ala. 140, 148 So. 846; Carter v. Hutchens, 221 Ala. 370, 129 So. 8, and cases cited. The right is not rested upon statute, but upon the general jurisdiction of the court of equity over the administration and settlement of estates of deceased persons. We find no error in the court's order of removal.

The bill of complaint filed in this cause shows that the claim of complainant against the estate of D. F. Lipscomb, deceased, as originally filed in the probate court, and later made the basis of the judgment against the personal representatives, was not supported by a sufficient affidavit as required by statute law. Demurrers to the original bill raising this point were sustained by the lower court. Amendment was then made of the affidavit in the probate court, and the bill of complaint amended accordingly.

■ Appellants contend that the amendment of the affidavit in the probate court and of the bill of complaint comes too late. To this we do not agree. This court in the case of Foster v. Foster, 219 Ala. 70, 121 So. 80, 82, speaking through Mr. Justice Gardner, said: "It is also insisted the verification of many of these claims was insufficient to meet the requirements of the statute. This may be conceded, but under the terms of the statute this defect of verification may be cured by 'amendment at any time' (section 5818, Code 1923 [Code 1940, Tit. 61, § 214]), and this deficiency may therefore be met upon remandment of the cause. Gillespie v. Campbell, 149 Ala. 193, 43 So. 28."

■ A statement of claim need not be as specific as formal pleadings, but should be sufficiently definite to inform the administrator of the nature and amount of liability it imposes, and to distinguish it with reasonable certainty from all similar claims. Watson v. Hamilton, 210 Ala. 577, 98 So. 784; Metcalf v. Payne, 214 Ala. 81, 106 So. 496.

The claim set forth in the bill of complaint in the instant case meets these requirements, and the amendment of same and of the bill of complaint in this respect, was without error.

As heretofore stated, the appellants are the heirs at law of D. F. Lipscomb, deceased. It will be observed that J. P. Lipscomb and Lottie E. Walter are not before this court as appellants in either their individual or representative capacity, and we are not here concerned with complainant's. rights against them in either capacity.

■ One phase of the bill of complaint seeks to subject real estate belonging to said Lipscomb at the time of his death to the payment of complainant's claim against his estate. Responding to the demurrer to that phase of the bill which seeks to have lands of the decedent sold for the payment of debts, we will say, it is elementary and hardly needs the citation of authority that real estate of persons dying intestate in the state of Alabama descends to the heirs at law, subject to the payment

of debts in the event the personal property is insufficient for that purpose. Under the common law, real estate left by a person dying intestate could never be sold for the payment of his debts, other than debts due by specialty binding the heirs. Scott v. Ware, 64 Ala. 174.

There being no authority under the common law for the sale of real estate for the payment of debts of a person dying intestate, except as stated above, we must look to the statute for that authority. Section 5848, Code of 1923, Code 1940, Tit. 61, § 244, provides, "In case of intestacy, lands may be sold *by the administrator* for the payment of debts, when the personal estate is insufficient therefor." (Italics supplied.) In the case of a will, this same authority is given to an executor, or administrator with the will annexed, by section 5847, Code of 1923, Code 1940, Tit. 61, § 243. The statute confers the right to sell lands for the payment of debts on the administrator or the executor, as the case may be.

Section 6053 of the Code of 1923, Code 1940, Tit. 61, § 130 provides: "When any judgment is rendered in the circuit court against any executor or administrator, as such, and an execution thereon has been returned 'no property' by the sheriff or other officer of the county in which such judgment was rendered, an execution may issue against the executor or administrator personally, to be levied on his goods and chattels, lands and tenements." .

The history of section 6053, supra, and its meaning are shown in the case of Dangaix v. Lunsford, 112 Ala. 403, 20 So. 639. In construing it, in the case of Smith v. Alabama Great Southern R. Co., 212 Ala. 166, 102 So. 118, 119, Mr. Justice Sayre said: "The proceeding under it is a substitute for an action against the executor or administrator as for a devastavit when execution de bonis intestati has been returned 'no property.' From the case just mentioned, from Banks v. Speers, 97 Ala. 560, 11 So. 841, and from the cases there cited, it appears to be the settled law of this state that a judgment or decree against a personal representative in his representative capacity, if permitted to stand, is conclusive on the personal representative of the amount due and owing by him as representative, and that he has in his hands sufficient assets for its payment. 'These presumptions he will not be heard to gainsay or deny.' The statute law affords to executors and administrators opportunity,

deemed sufficient by the Legislature, to ascertain the condition of an estate in their hands so that, if the estate be insolvent, they may avoid personal liability by pleading insolvency. Thus section 2803 of the Code of 1907 provides that—'No suit must be commenced against an executor or administrator, as such, until six months, and no judgment rendered against him, as such, until twelve months after the grant of letters testamentary or of administration.' He may, at any time before judgment, plead specially that the estate has been declared insolvent. Code, § 2794. And during the progress of any suit he may show that the estate in his keeping has been reported insolvent, and thereupon have a continuance until the final disposition of such report. Code, § 2793." See Acts of 1931, p. 841, Code 1940, Tit. 61, § 119; sections 6034, 6035, Code of 1923, Code 1940, Tit. 61, §§ 421, 422.

These statutes are ample safeguards to prevent a judgment against a personal representative in the event the estate in his keeping is insolvent.

Instances may arise in which a judgment is obtained against a personal representative without fault on his part (a suit on a disputed claim), and the personal property be not sufficient to pay it, and the estate is not insolvent because there is sufficient real estate to pay all debts. We find no specific statutory authority to protect the personal representative in such a situation from the operation of section 6053, Code of 1923. We think his protection lies in sections 6478, Code of 1923, Code 1940, Tit. 13, § 139, which gives him the right to remove the administration from the probate court to the equity court, and 5848, Code of 1923, which gives him the right to sell real estate for the payment of debts, together with the authority of equity to restrain the issuance of execution until the real estate can be sold. Section 5848, Code of 1923, provides: "In case of intestacy, lands may be sold by the administrator for the payment of debts, when the personal estate is insufficient therefor."

This court in the case of Boyte v. Perkins, 211 Ala. 130, 99 So. 652, 654, speaking through Mr. Justice Bouldin, said: "There are two occasions when the administrator is empowered to sell the lands of the decedent. One is for division among the heirs of the estate, when the lands cannot be equitably divided. In that case one or more adult heirs must become the actor by

filing a written consent to the sale. Code 1907, § 2621. The other is when the personal property is insufficient to pay debts, and it is necessary to resort to the lands for that purpose. This duty is mandatory, part of the general duty to faithfully administer the estate. In this proceeding the administrator represents the creditors as opposed to the heirs or the 'widow claiming to retain them until dower is assigned.' * * * This does not mean he owes no duty to the heirs' in the conduct of the sale and disposition of the proceeds. In that regard he is trustee for the heirs also. Their interest may be of greatest concern— as in the case of a solvent estate where they stand to lose most by any default of the administrator. As long, however, as there are outstanding debts to be paid, and no personal property to pay them, it is his duty to intercept the rents and sell the lands, if need be, to pay creditors. He cannot be controlled by the heirs, nor take orders from them. The duty and responsibility is upon the administrator."

When this duty is rightfully performed under the authority of section 5848 of the Code of 1923, and which duty is mandatory on the administrator, it is obvious that creditors would have no right to complain. A failure to perform this duty may subject the administrator to a suit at law by a creditor of the estate in order that the creditor may secure a judgment against him as administrator, attended with the consequence of being personally liable therefor if the judgment is allowed to stand and execution issued and returned "no property". Code of 1923, section 6053. Therefore, a judgment against a personal representative, as such, at the suit of a creditor of the estate which he represents, whether the estate be solvent or insolvent, if allowed to stand, and execution thereon returned "no property," is conclusive on the personal representative of the amount due and owing by him as representative, and that he has in his hands sufficient assets for its payment. "These presumptions he will not be heard to gainsay or deny." Banks v. Speers, 97 Ala. 560, 11 So. 841, 842; Dangaix v. Lunsford, 112 Ala. 403, 20 So. 639; Smith v. Alabama Great Southern R. R. Co., 212 Ala. 166, 102 So. 118.

The bill of complaint in this case alleges that complainant filed her claim in the Probate Court of Morgan County, Alabama, against the estate of D. F. Lipscomb, deceased, and within the time prescribed and allowed by law, and that said claim has been reduced to a judgment in the Circuit Court of Morgan County. The bill of complaint further avers that, "the personal property set out in the inventory filed by the administrator and administratrix has been levied on and sold by the sheriff and did not satisfy the indebtedness owed to complainant, except in the sum of $30.60." Clearly, this is not an averment that complainant has exhausted her legal remedies against the personal representative, as such. For aught that appears there may have been personal property belonging to decedent at the time of his death and which was not set out in the inventory; and, for aught that appears, an alias fieri facias, issued under section 7802, Code of 1923, Code 1940, Tit. 7, § 515, would satisfy complainant's judgment.

Since the cause must be reversed, for the guidance of the parties and the lower court it is deemed advisable to discuss the circumstances under which a creditor may procure in equity a sale of lands for the payment of debts of a decedent.

The rules are variously announced in the decisions of this State. The pronouncement in each being correct as applied to the particular facts there involved, but sometimes confusing if sought to be held as having universal application. Leading cases, among others, are Irwin v. Irwin, 227 Ala. 140, 148 So. 846; May v. Parham, 68 Ala. 253; Scott v. Ware, supra; Ledyard v. Johnston, 16 Ala. 548; Pyke v. Searcy, 4 Port. 52; Darrington v. Borland, 3 Port. 9.

Running through all of these decisions is the cardinal rule that equity can be called upon for relief when there is no remedy at law, or when such remedy would be inadequate. With this principle in mind, we may harmonize the various decisions and restate the rules with clarity.

If there was an original deficiency of personal assets for the payment of debts, then under the very terms of the statute a sale of the realty is due as a matter of course. Or, if these assets have become unavailing from depreciation or loss through no fault of the administrator or creditor, the realty may be sold, the result being the same as if there had been an original lack of personalty. 24 Corpus Juris, page 533, section 1451. The initial duty to sell lands in such a sale devolves upon the administrator. If he arbitrarily fails to act upon reasonable demand, or after a reasonable length of time, the creditor

may come into equity and force a sale of the realty, upon allegation and proof of those facts. May v. Parham, supra. It is true that the creditor may reduce his claim to a judgment and a presumption of a devastavit will arise against the administrator if the judgment is allowed to stand, but this will not estop the sureties on the bond from denying that such administrator had come into possession of assets with which to discharge the debts, and there being no devastavit in fact no action will lie against them. Banks v. Speers, 97 Ala. 560, 564, 11 So. 841.

No reason is perceived for closing the door of equity under such circumstances. No injury could result to the heirs in such a case since there has been no devastavit in fact. The creditors ought not be shut off from equity and subjected to great delay in recovering judgment on an undisputed claim which should ultimately be paid from the sale of lands. If a creditor seeks under the circumstances indicated to come into equity, he should, in any event, defer action until time for filing claims has passed. The refusal of the administrator to take steps to sell lands before that time could hardly be called arbitrary. Of course if the debt is disputed by the administrator, and notice as provided by statute is given to that effect, no doubt suit and reduction of the claim to a judgment is necessary. .

 If there have been personal assets for the payment of debts and there has been a devastavit committed by the administrator through maladministration or conversion by him, the creditor must look first to the administrator and his sureties. Banks v. Speers, supra. If they are solvent, a legal remedy exists against them and this must be exhausted. But, with certain exceptions, all property of a decedent is charged with the payment of his debts. Code 1923, section 5821, Code 1940, Tit. 61, § 217. If the administrator has wasted or converted the personal assets, the lands of the decedent are not thereby ultimately relieved of the charge. 24 Corpus Juris 552, section 1440. If legal remedies against the administrator and his sureties prove fruitless, or fail to satisfy the debt in full, equity will grant relief. Irwin v. Irwin, supra. If the creditor can realize anything from this source, he must do so before applying to equity.

If the administrator and his sureties are wholly insolvent, so that no part of the debt can be realized from them, equi-

ty will not require the creditor first to pursue his legal remedy against those whose duty it is to make good the loss occasioned by the devastavit. The doing of a vain and useless thing is not a prerequisite for the enforcement of a right. Resort to lands may be had in equity by alleging and proving such insolvency.

Some reference is made in the bill to the effect that the heirs, or some of them, have had something to do with the management of a part of the personalty. However, the allegations in this respect are so vague and indefinite that they add nothing to the equity of the bill.

The bill as amended alleges the existence of the debt and its establishment by judgment against the administrator. But it does not make out a case of equitable cognizance for an original deficiency of personal assets, nor does it allege that the creditor has exhausted legal remedies against the administrator and surety, or offer any excuse for failure to do so. It does not establish such a state of facts as to show a right of discovery of assets as against the appellants.

Several grounds of the demurrer were addressed to these phases of the bill as amended, and they should have been sustained.

The foregoing will suffice as a guide to the parties and the lower court for further proceedings in the cause.

Reversed and remanded.

GARDNER, C. J., and BOULDIN and FOSTER, JJ., concur.