# Rensford *v.* Magnus & Co.

*Bill by Simple Contract Creditor to Remove Administra-
tion of Estate From Probate to Chancery Court.*

(Decided April 8, 1907.   43 South.   853.)

1.  *Appeal; Irregularity; Parties; Waiver.*—Where a joint defense is
    interposed to a bill or suit by way of demurrer, which is over-
    ruled, an appeal by one of the parties defendant is an irregu-
    larity as the appeal should be taken in the name of both; but
    such irregularity is waived by a joinder in error on the record.
2.  *Pleading; Misjoinder; Parties Defendant; Who May Complain.*—
    The party claiming to be wrongfully joined is the only one who
    can raise the question as to a misjoinder.
3.  *Equity; Jurisdiction; Administration of Estates.*—The original
    and general jurisdiction of the chancery court over the ad-
    ministration and settlement of the estates of decedents is not
    affected by the jurisdiction granted the probate court in such
    matters.   This fact is recognized by section 149, Constitution
    1901.
4.  *Exectuors and Administrators; Who May Administer.*—A creditor
    may maintain a bill in chancery for the settlement of an es-
    tate of the deceased debtor, and may, as a matter of right,
    remove the settlement from the chancery to the probate court
    before that court has taken jurisdiction for a final settlement,
    and may remove such settlement from the probate to the chan-
    cery court after the probate court has taken jurisdiction for a
    final settlement upon the allegation and proof of some special
    equity.

[Rensford v. Magnus & Co.]

5. *Same.*—When the only action taken by the probate court looking toward a final settlement is the granting of an order of sale of the personal property on petition of the administrator, a creditor is entitled to maintain a bill for the removal of the settlement and further administration of the estate into the chancery court without alleging any special equity.

6. *Equity; Pleading; Multifariousness.*—The joining of the administrator officially and individually as a defendant to a bill for removal of an estate from the probate to the chancery court does not render the bill multifarious.

APPEAL from Jefferson Chancery Court.

Heard before Hon. ALFRED H. BENNERS.

Bill by Joseph A. Magnus & Co., as simple contract creditors of the estate of decedent against Harry Rensford, as administrator and individually, and Mary E. Rensford, for the removal of the administration from the probate to the chancery court. From a decree overruling joint demurrers this appeal is prosecuted by Harry Rensford. Affirmed.

ROBERT N. BELL, for appellant.—A bill filed within six months which has for its main purpose to take the property from the administrator and to remove it, and establish a charge on the property in favor of a creditor, is immaturely brought.—Section 331, Code 1896; *Banks v. Glass,* 82 Ala. 278; *Torrey v. Bishop,* 104 Ala. 551; *Baker v. Mitchell,* 109 Ala. 490. While an heir or legatee may remove the estate without alleging a specific equity, an administrator cannot.—*McNeal v. McNeal,* 36 Ala. 109; *Randall v. Carter,* 62 Ala. 102; *Teague v. Corbett,* 57 Ala. 537; *Walker v. Johnson,* 82 Ala. 347; *Storall v. Clay,* 108 Ala. 105. An equitable remedy cannot be pressed until legal remedies are exhausted.—*Mixon v. Dunklin,* 48 Ala. 456; *Turrentine v. Coopman,* 124 Ala. 211. A creditor is not even a necessary party to a settlement.—*Byrd v. James,* 84 Ala. 338. The estate has not been declared insolvent. The bill is multifarious.—18 Cyc. 975-6-7; *Godbold v. Roberts,* 7 Ala. 62; *Waller v. Taylor,* 42 Ala. 279; *Clay v. Gurley,* 62 Ala. 14; *Seales v. Pheifer,* 71 Ala. 190; s. c. 77 Ala. 281; *Harland v. Persons,* 93 Ala. 273.

19 R.

A. Leo Oberdofer, and Sterling A. Wood, for appellee.—Chancery has jurisdiction over the settlement of an estate and the administration thereof at the common law, and a simple contract creditor could maintain a bill to that end.—*Farris v. Leachman,* 20 Ala. 662; *Hill v. Armistead,* 56 Ala. 118; *Corr v. Shackelford,* 68 Ala. 241; *Pratt v. Northan,* 5 Mason, 95; 3 Pom. Eq. 1127. The granting of this jurisdiction to the probate court did not take the original jurisdiction from the chancery court.—*Dement v. Bogges,* 13 Ala. 140; *Blakey v. Blakey,* 9 Ala. 391; *Hill v. Armstead, supra; Shackelford v. Bankhead,* 72 Ala. 276; *Handley v. Heflin,* 84 Ala. 600; *Greenhood v. Greenhood,* 143 Ala. 440. On these same authorities a simple contract creditor may invoke the jurisdiction of the chancery court. Such a creditor may do this as a matter of right before the probate court has acquired jurisdiction for a final settlement, and afterwards upon allegation of proof of special equity.—Authorities supra. The jurisdiction of the probate court for final settlement is not acquired until the administrator has filed his account and vouchers for final settlement.—*James v. Faulk,* 54 Ala. 184; *Green v. Billingsly,* 64 Ala. 345; *Ligon v. Ligon,* 105 Ala. 466. The bill was not immaturely filed.—*Baker v. Mitchell,* 109 Ala. 490; *Bromberg v. Bates,* 112 Ala. 363. The bill is not multifarious.—*Baker v. Mitchell, supra; Sicard v. Guyllou,* 41 South. 474.

DOWDELL, J.—This appeal is prosecuted from the decree of the chancery court overruling the demurrers of the respondents to the complainants' bill. The demurrer ruled on was a joint demurrer of Harry Rensford and Mary E. Rensford. The appeal is irregular, in that it is taken by the respondent Harry Rensford alone, when it should have been taken in the name of both respondents; but this irregularity has been waived by the joinder in error on the record by the appellee.

The bill is one by a simple contract creditor, and its primary purpose is the removal of an administration from the probate court into the chancery court. The respondent's demurrer challenges the complainants'

right in this respect, and denies the jurisdiction of a court of chancery in such a case. Other objections are raised to the bill by the demurrer, but this is the main question in the case. As to the question of a misjoinder of the defendant, the rule is well established that this question can only be raised by the party claiming to be wrongfully joined.

The jurisdiction of the chancery court over the administration and settlement of estates of deceased persons is original and general.—*Pharis v. Leachman*, 20 Ala. 662; *Dement v. Roggess*, 13 Ala. 140; *Hill v. Armistead*, 56 Ala. 118; *Pratt v. Northam*, 5 Mason (U. S.) 95, Fed. Cas. No. 11,376; 3 Pom. Eq. Juris. 1127; 11 Am. & Eng. Ency. Law (2d Ed.) 1191. This original jurisdistion of the chancery court was not taken away or in any wise affected by the jurisdiction of the probate court.—*Pharis v. Leachman, supra; Dement v. Boggess, supra; Hill v. Armistead, supra; Blakey v. Blakey's Heirs*, 9 Ala. 391; *Shackelford v. Bankhead*, 72 Ala. 476; *Handley v. Heflin*, 84 Ala. 600, 4 South. 725; *Greenhood v. Greenhood*, 143 Ala. 440, 39 South. 299. Moreover, this doctrine of the concurrent jurisdiction of the chancery court with the probate court in the administration of estates is recognized in the Constitution of 1901 of this state. Section 149.

That a creditor may maintain a bill in chancery for the administration and settlement of an estate has been fully established by the decisions of this court, as shown in the cases above cited. It has also been firmly settled that a creditor may by bill remove an administration from the probate court into the chancery court, either before jurisdiction has attached in the probate court for a final settlement or after; in the former case as a matter of right, and in the latter upon the averment of a special equity.—*Hill v. Armistead, supra*, in which case it is said: "The chancery court retains its original jurisdiction over the subject of administration, and may be appealed to by any interested party, other than the personal representative, without the assignment of any special reason, at any time before the concurrent jurisdiction of the probate court has attached

by the institution in that court of proceedings having substantially the same object. If such proceedings have commenced in the probate court, or if the power of the chancery court be invoked by the personal representative, then some special equitable reason must be assigned to give the chancery court jurisdiction." See, also, *Corr v. Shackelford*, 68 Ala. 241; *Handley v. Heflin, supra; Glenn's Adm'rs v. Billingslca*, 64 Ala. 345. That a creditor is an interested party in the admistration of an estate, and one who may invoke the jurisdiction of a court of equity, under the above authorities, we think there can be no doubt. See, also, *Byrd v. Jones*, 84 Ala. 336, 4 South. 375, in which case it is said: "While a creditor of a solvent estate is not a party, either necessary or proper, to a proceeding in the probate court having in view the settlement of such estate, he may nevertheless become a party by appearing and inaugurating a contest of the account of the personal representative under the authority of section 2143 of the present Code (1886). Code 1876, § 2519. This section authorizes 'any person interested' to appear and contest any item of the account, to examine witnesses, and introduce any legal evidence in support of this contest. That a creditor may often be 'a person interested,' within the meaning of this statute, there can, in our opinion, be no doubt. Our whole system of legislation in reference to estates of decedents rests on the theory that creditors have a primary interest in all proceedings pertaining to settlements of such estates, and the policy of the law, as expounded by this court, has been to afford them every reasonable opportunity to protect that interest by intervening as parties."

In the present case no proceeding for a final settlement had been commenced in the probate court before the filing of the bill. The only action which had been taken was an order of sale of personal property on the petition of the administrator for that purpose. This was not such a proceeding upon which the jurisdiction of the probate court for final settlement would attach. This doctrine is settled in the case of *Ligon v. Ligon*, 105 Ala. 466, 17 South. 89. As the jurisdiction of the

probate court had not attached, it is unnecessary to discuss the question of special equities authorizing the filing of the bill in chancery after jurisdiction was acquired in the probate court, upon final settlement of the administration. Under the facts averred in the bill, the complainant as a creditor, and therefore an interested party under the authorities above cited, could maintain his bill as matter of right without the averment of any special equity.

It was determined in *Baker v. Mitchell,* 109 Ala. 490, 20 South. 40, that such a bill could be filed before the expiration of six months after the grant of letters of administration. It was there said: "It is objected on demurrer that the bill is filed in less than 6 months after the grant of letters of administration, which is prohibited by statute (Code, § 2263), and before the expiration of 18 months from the grant of letters, prior to which time a final settlement cannot be compelled.— Code, § 2134. As to the first objection, all that is necessary to say is that this suit does not fall within the provisions of the section of the Code referred to." See, also, *Bromberg v. Bates,* 112 Ala. 963, 20 South. 786.

That the bill is not multifarious, in joining the respondent Rensford as administrator and individually, see *Baker v. Mitchell,* 109 Ala. 494, 20 South. 40; *Collins v. Stix, Kraus & Co.,* 96 Ala. 341, 11 South. 380.

Our conclusion is that the bill is not objectionable on the grounds assigned in the demurrer, and the decree of the chancellor overruling the demurrer will be affirmed.

Affirmed.

Tyson, C. J., and Anderson and McClellan, JJ., concur.