[Whaley v. Rothschild & Co., et al.]

# Whaley *v.* Rothschild & Co., *et al.*

### Creditor's Bill to Subject Assets.

(Decided February 8, 1912.   57 South. 707.)

1. *Executors and Administrators; Creditor's Bill; Suit Against.*— A creditor of a testator may sue in equity for his debt, although the probate court has issued letters testamentary, and assumed jurisdiction, and although the testator made his executrix the chief beneficiary, and provided that she should not be required to give bond, or render an accounting of her administration, and the right to sue is not affected by the statute postponing suits to fix liability against a decedents estate.

2. *Same; Jurisdiction; Discovery.*—Where a testator made his executrix chief beneficiary and provided that she should not be required to give bond or render an account of her administration, a creditor filing a bill to compel the payment of his debt, after the probate court had issued letters testamentary, and assumed jurisdiction of the administration, was entitled to discovery and a discovery was necessary to an adequate administration of the estate in respect to the demand owned by the creditor against the executrix who had made no inventory, and who had disposed of assets.

APPEAL from Houston Chancery Court.

Heard before Hon. L. D. GARDNER.

Bill by D. Rothschild & Company, and others against Mamie C. Whaley as executrix of the estate of W. H. Whaley, deceased, to compel payment of their debts against the estate, and for a discovery. From a decree overruling demurrers to the bill, respondent appeals. Affirmed.

ESPY & FARMER, for appellant. The bill must stand or fall as a bill for accounting, as its allegations are entirely insufficient as a bill for discovery.—*Pollak v. Claflin,* 138 Ala. 645; *Virginia Co. v. Hale,* 93 Ala. 542; *Lawson v. Warren,* 89 Ala. 584; *Grice v. Parkerd,* 46 Ala. 616. It should allege that the debtor has no visible means subject to legal process of value sufficient to

pay the demand, and that he has assets not subject to legal process which are liable for his debts.—*Sorrell v. Nance,* 102 Ala. 207; *So. Ry. Co. v. McKenzie,* 85 Ala. 548; *Sweetzer v. Buchanan,* 94 Ala. 577. If a bill for accounting, then it cannot be maintained as it was brought within six months from the grant of letters testamentary.—Sec. 2803, Code 1907; *Torrey v. Bishop,* 104 Ala. 548; *Bank v. Glass,* 82 Ala. 278. There is nothing to authorize an injunction as for aught the court knows, respondent was worth more than $100,000.00 and able to respond in damages.

PACE & CHAPMAN, for appellee. This is not such a bill as cannot be filed within the six months immunity period.—*Hardwick v. Hardwick,* 164 Ala. 390; *St. John v. St. John,* 150 Ala. 237; *Rensford v. Magnus,* 150 Ala. 288; *Baker v. Mitchell,* 109 Ala. 490; *Torrey v. Bishop,* 104 Ala. 548; *Ala. State Bank v. Glass,* 82 Ala. 278. Creditors of a decedent by virtue of their right to have the assets applied to the payment of their claim are directly interested, and may call upon the executor or administrator for an accounting.—11 A. & E. Enc. of Law, 1193; 19 Enc. P. & P. 1005; *Hill v. Armstead,* 56 Ala. 118; *Weckly v. Gurley,* 60 Ala. 399; Sims Chancery sec. 658, and cases cited in note. The bill makes a case for interposition.—*Blakely v. Blakely,* 9 Ala. 391; *Leavens v. Butler,* 8 Port. 380; 18 Cyc. 218; *Russell v. Garrett,* 75 Ala. 348.

McCLELLAN, J.—W. H. Whaley died May 31, 1911, leaving a last will and testament, which was regularly probated. Therein Mamie C. Whaley was named as executrix thereof, and to her letters testamentary were duly issued. By the terms of the instrument she is made the chief beneficiary. It is also provided therein that no bond should be required of her, nor shall an account-

[Whaley v. Rothschild & Co., et al.]

ing be exacted of her, in the disposition or mangement of the estate. This bill is exhibited by creditors of the estate of W. H. Whaley, deceased, for debts created by him in his lifetime, and seeks the removal of the administration of the estate from the probate into the chancery court, the discovery of assets of the estate of their debtor, the injunction of Mamie C. Whaley and others from further disposing of or handling assets of the estate of the debtor, and other consistent relief. The appeal is from a decree overruling demurrers to the bill.

The probate of the will and the issuance of letters testamentary to Mrs. Whaley demonstrates, conclusively, that jurisdiction of the administration had been, before this bill was filed, regularly assumed by the probate court of Houston county. Of that there cannot be doubt.

Creditors of the decedent are entitled to have their demands satisfied out of the estate of the debtor, and no restrictive provision incorporated by the debtor in his will can postpone or avoid the right of his creditors. That they may maintain a bill of the character before us was expressly held in *Rensford v. Magnus & Co.*, 150 Ala. 288, 43 South. 853. And such a bill is not affected by the statutory provision postponing suits whereby liability is sought to be fixed against the estate.—*St. John v. St. John*, 150 Ala. 237, 240, 43 South. 580, among others.

The discovery the bill seeks of the executrix is but an incident, though absolutely necessary, to the proper and adequate administration of the estate in respect of the satisfaction thereby of the demands held by the complainants. No inventory had been made by the executrix, and the bill avers that assets of the estate had been disposed of or used by the executrix. The demurrer was properly overruled. The decree, so adjudging, is affirmed.

Affirmed. All the Justices concur.