(85 South. 709)

### DENT et al. v. FOY et al. (4 Div. 836.)

(Supreme Court of Alabama. June 30, 1920.)

1. Executors and administrators ⬤⇒473, 474 (I)—Administration of estate removable from probate to chancery court, in absence of steps looking to final settlement.

On showing of verified bill by heirs at law and distributees of an estate that no steps had been taken and no application made to the probate court looking to a final settlement, it was the right of complainants to have the administration removed from the probate to the chancery court, without setting up any special equity or reason therefor, under Acts 1911, pp. 574, 575, and Acts 1915, p. 738.

2. Equity ⬤⇒148(3)—Bill seeking removal into equity of the administration of an estate held not multifarious.

A bill by heirs at law and distributees of an estate, seeking the removal of the estate from the probate to the chancery court, praying for a sale of the real estate and a general winding up of the affairs and a settlement of the equities between the parties, and asking that the administratrix be required to give an additional bond, was not multifarious; all the matters which the bill sought to have adjudicated and settled being relevant to the administration and settlement of the estate.

3. Appeal and error ⬤⇒874(4)—Nonappealable order or decree not considered on appeal from interlocutory decree on demurrer.

On appeal from an interlocutory decree overruling demurrers to bill by heirs at law

and distributees of an estate, seeking the removal of the estate from the probate to the chancery court, an accounting, etc., and also asking that the administratrix be required to give an additional bond, the assignment of error seeking to review so much of the order of the court as relates to giving an additional bond will not be considered; there being no statute authorizing appeal from an order or decree of the circuit court, sitting as a court of equity, requiring an administrator to give an additional bond.

Appeal from Circuit Court, Barbour County; J. S. Williams, Judge.

Bill by Levy W. Foy and another against Helen A. Dent, individually and as administratrix, and others, to remove the administration of the estate of George H. Dent from the probate to the chancery court, and for the further administration of the estate there. From a decree overruling a demurrer to the bill, respondents appeal. Affirmed.

The bill seeks the removal of the estate, and prays for a sale of the real estate, and a general winding up of the affairs, and a settlement of the equities between the parties, all of whom are heirs of the estate, and also asks that the administratrix be required to give an additional bond. The demurrers were that the bill was multifarious.

McDowell & McDowell, of Eufaula, for appellants.

The bill is clearly multifarious. 189 Ala. 13, 66 South. 720.

A. H. Merrill & Son, of Eufaula, for appellees.

There is no merit in the suggestion that the court erred in requiring a new bond. 200 Ala. 559, 76 South. 917; Acts 1911, p. 574. The bill is not multifarious. 176 Ala. 151, 57 South. 776; 119 Ala. 399, 24 South. 438; 162 Ala. 504, 50 South. 287, 136 Am. St. Rep. 57; 195 Ala. 560, 70 South. 733; 95 Ala. 269, 10 South. 837; 112 Ala. 627, 20 South. 922; 111 Ala. 312, 20 South. 356, 56 Am. St. Rep. 52.

BROWN, J. [1] The bill in this case is filed by Levy H. Foy and Fred H. Foy, heirs at law of George H. Dent, deceased, and distributees of his estate, against Helen A. Dent (the widow), individually and as administratrix of the estate, and George H. Dent, Jr., Warren Y. Dent, Louie H. Dent, and Helen Dent Williams, the other heirs and distributees of the estate of said George H. Dent, deceased. The major purpose of the bill is to remove the administration of the estate from the probate court of Barbour county, where it was pending at the time of the filing of the bill, into the circuit court sitting as a court of equity for further administration. The bill is verified, and its averments show that no steps have been taken and no application has been made to the probate court looking to a final settlement. On this showing it was the right of the complainants to have the administration removed into the court of equity without setting up any special equity or reason therefor. Acts 1911, pp. 574, 575; Acts 1915, p. 738; Baker, Adm'r, v. Mitchell, 109 Ala. 490, 20 South. 40.

[2] All the matters which the bill seeks to have adjudicated and settled are relevant to the administration and settlement of the estate, and the bill is not subject to the objection of multifariousness. Baker, Adm'r, v. Mitchell, supra; Richter v. Richter, 180 Ala. 218, 60 South. 880; Tygh v. Dolan, 95 Ala. 269, 10 South. 837; Martin v. Cameron, 203 Ala. 548, 84 South. 270.

There is no statute authorizing an appeal from an order or decree of the circuit court, sitting as a court of equity, requiring an administrator to give an additional bond, and the assignment of error seeking to review so much of the order of the court as relates to giving an additional bond will not be considered on this appeal, which is from an interlocutory decree on demurrers to the bill.

We find no errors in the record, and the decree of the court below will be here affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.