(114 So. 577).

## BYNUM v. BREWER et al. (8 Div. 957.)

Supreme Court of Alabama. Oct. 20, 1927.

Rehearing Denied Dec. 8, 1927.

**1. Executors and administrators ☜473, 474 (5)—Order for removal of estate instead of administration of estate from probate to circuit court held not fatally defective (Code 1923, § 6478).**

Where proceeding under Code 1923, § 6478, for removal of administration from probate to circuit court was ex parte, designating proceeding as summary was not objectionable, and, though there must in such case be compliance with terms of statute in every essential particular, order for removal of estate was not fatally defective, because it was not for removal of administration of estate.

**2. Executors and administrators ☜473, 474 (2)—Distributee of distributee dying after death of intestate held entitled to petition for removal of administration from probate to circuit court (Code 1923, § 6478).**

Distributee, being devisee of distributee who died after death of intestate, was entitled under statute of descents and distribution to participate in intestate's estate, and was proper party to petition, under Code 1923, § 6478, for re-

moval of administration from probate to circuit court.

**3. Executors and administrators ☜473, 474(1)—On removal of administration from probate to chancery court, personal representative is removed to chancery court, and such process includes and controls previous administrations, if any (Code 1923, § 6478).**

When removal of administration from probate court to circuit court is ordered, under Code 1923, § 6478, personal representative is removed with administration to chancery court, and such process includes and controls previous administrations, if any, so far as it may be necessary to deal with them in course of latest pending administration.

**4. Courts ☜17—"Jurisdiction of subject-matter" is power to hear and determine, including power to issue process to enforce judgment or decree.**

"Jurisdiction of subject-matter" is power to hear and determine, including power to issue process to enforce such judgment or decree as court may render.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Jurisdiction of Subject-Matter.]

**5. Executors and administrators ☜473, 474 (5)—Party held not aggrieved by removal of administration from probate to circuit court (Code 1923, § 6478).**

Removal of administration of estate from probate to circuit court, under Code 1923, § 6478, merely substitutes new tribunal for former one, and party interested, who had full opportunity to present his contentions, should not be heard to complain.

**6. Executors and administrators ☜473, 474 (1)—That fund about whose distribution parties were at issue was proceeds of realty held not to affect right to remove administration from probate to circuit court (Code 1923, § 6478).**

That fund about distribution of which parties were at issue came from sale of realty did not affect right, under Code 1923, § 6478, to removal of administration from probate to circuit court.

**7. Executors and administrators ☜316—Ordering sum from proceeds of land sufficient to pay mortgage withheld and balance after paying administrator's fee to be held until final order of distribution held not improper (Code 1923, §§ 5924, 6478).**

Where administration of estate was removed to circuit court, under Code 1923, § 6478, on showing that there was litigation concerning mortgage claim against part of land from which fund in question was derived, ordering administrator to withhold amount sufficient to discharge mortgage debt, if its validity should be determined in favor of alleged mortgagee, and after reducing commission claimed by administrator, pursuant to section 5924, ordering balance after payment of administrator's fee to be retained until court ordered final distribution was not improper.

─────────

☜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**8. Executors and administrators ☜315(9)— Proceedings in sale of land held to prevent objection to order of distribution on ground that fund may be needed to pay debts.**

Proceedings in sale of land left by intestate *held* sufficient answer to objection to order of distribution of part of proceeds that fund in question may be needed for payment of debts.

**9. Executors and administrators ☜315(9)— Circuit court's decree, ordering retention money until final distribution, held not to prevent distribution at subsequent term of circuit court, to which administration was removed (Code 1923, § 6478).**

Decree of circuit court, ordering administrator to retain part of proceeds of sale of land until court should order final distribution made while administration was yet in probate court, *held* not to prevent circuit court, to which administration was subsequently removed, under Code 1923, § 6478, from ordering distribution.

Appeal from Circuit Court, Lawrence County; O. Kyle, Judge.

Petition by Joseph H. Brewer against Henry D. Bynum, as administrator of the estate of Mary H. Sherrod, deceased, for removal of administration of the estate from the probate court to the circuit court in equity. From the decrees, respondent appeals. Affirmed.

E. W. Godbey, of Decatur, for appellant.

Petitioner, being merely a distributee of a distributee who was living at decedent's death, was not within the purview of the statute providing for a summary, ex parte ousting of the jurisdiction of the probate court of the estate in question. Code 1923, § 6478; Ex parte McLendon, 212 Ala. 405, 102 So. 696; 15 C. J. 726; 34 C. J. 531. Petitioner was not a distributee or heir. Kitchen v. Southern Ry. Co., 68 S. C. 554, 48 S. E. 4, 1 Ann. Cas. 747; Words and Phrases, 3241; Himmel v. Himmel, 294 Ill. 557, 128 N. E. 641, 13 A. L. R. 611. The only person that can invoke any action respecting the supposed Brewer interest in the Sherrod estate is some personal representative of the deceased distributee. 24 C. J. 930; Plunkett v. Kelly, 22 Ala. 655; Sullivan v. Lawler, 72 Ala. 71; Reynolds v. Reynolds, 11 Ala. 1027; McConico v. Cannon, 25 Ala. 462; Hall v. Andrews, 17 Ala. 40. In a summary proceeding, the utmost strictness is required. 15 C. J. 726; 34 C. J. 531; Ex parte McLendon, supra. The order removing only a part of the administration, leaving a part in the probate court, was void. McCraw v. Cooper, 215 Ala. 51, 108 So. 850. The court lacked jurisdiction to distribute, in advance of any settlement, the $2,400 balance of proceeds of the lands, formerly ordered by the court to be held, which former order was res judicata. Nelson v. Atkins, 215 Ala. 88, 109 So. 882; 30 Cyc. 303; 24 C. J. 475; Smith v. Smith, 132 Iowa, 700,

109 N. W. 194, 119 Am. St. Rep. 581; Jeter v. Hewitt, 22 How. (63 U. S.) 352, 16 L. Ed. 345; Toy Toy v. Hopkins, 212 U. S. 546, 29 S. Ct. 416, 53 L. Ed. 644. The order of suspension of distribution was a final decree rendered more than six months before it was assailed. Stovall v. Banks, 10 Wall. (77 U. S.) 588, 19 L. Ed. 1036; Stillman v. Hart (C. C. A.) 126 F. 359.

A. J. Harris, of Decatur, for appellees.

The purpose of the statute is to enable any one interested in the estate to remove it into the equity court for administration without having to aver any special equity. Code 1923, § 6478; Crawford v. Carlisle, 206 Ala. 379, 89 So. 565; Powell v. Labry, 207 Ala. 117, 92 So. 266. Lands of an estate will not be sold for distribution as long as there is an outstanding indebtedness, and in equity there is no necessity for appointment of a personal representative of an estate, unless there are debts, and the property passes directly to the heirs and distributees, who may dispense with any administration. Baines v. Barnes, 64 Ala. 375; Bethea v. McColl, 5 Ala. 315; Alexander v. Alexander, 70 Ala. 212; Poole v. Daughdrill, 129 Ala. 212, 30 So. 579. When an administration is removed into chancery court for any purpose, or any part, it is there in whole, and for all purposes. Dent v. Foy, 206 Ala. 454, 90 So. 317; Tygh v. Dolan, 95 Ala. 269, 10 So. 837; Ex parte Lunsford, 117 Ala. 224, 23 So. 528. The circuit court did not deprive itself of jurisdiction to enforce its own final decree, and now has jurisdiction to enforce the decree in favor of petitioner. 34 C. J. 737; Riggs v. Johnson Co., 6 Wall. 187, 18 L. Ed. 768; Central Bank v. Stevens, 169 U. S. 465, 18 S. Ct. 403, 42 L. Ed. 807.

SAYRE, J. On the petition of Joseph H. Brewer, describing himself as "a distributee of the estate of Mary H. Sherrod, deceased," the judge of the circuit court of Lawrence county, sitting as chancellor, made an order that:

"The said estate of Mary H. Sherrod, deceased, be and the same hereby is removed from the probate court of Lawrence county, Ala., to the circuit court of Lawrence county."

Evidently, the chancellor conceived that he was acting under and in agreement with the authority of section 6478 of the Code (1923). The petition in response to which this order was made, as the recitals of the order showed, contained averments of the jurisdictional facts according to the requirements of the section and "ordered and decreed that the said estate of Mary H. Sherrod, deceased, be and the same hereby is removed from the probate court of Lawrence county, Ala., to the circuit court of Lawrence county, Ala.," and directed the register to transmit

---

a copy of the order to the probate judge of the county and to Henry D. Bynum, as administrator of the estate of Mary H. Sherrod, deceased.

Appellant's motion to vacate the order "removing the administration of said estate" from the probate court was overruled and that ruling is now, for one thing, assigned as error.

[1] Upon the fact that the order was for the removal of "the estate," instead of "the administration of the estate," in connection with the strictness required in summary proceedings, appellant seems to hang the argument that the administration was not removed, and hence that the circuit court had no authority to proceed. The statute provides for a removal of the administration of estates from the probate to the chancery court—the circuit court sitting in equity— upon the sworn petition of one of the parties therein named, alleging merely that "in the opinion of the petitioner such estate can be better administered in the circuit court * * * than in the probate court," without more. We see no particular objection to the designation of the proceeding for removal as summary. It is ex parte. There must, of course, be a compliance with the terms of the statute in every essential particular, and it would have been more in keeping with that nicety of procedure, which had better be trimmed to meet every objection, if the court had ordered the removal of the "administration of the estate" instead of the "estate" merely, and yet we apprehend there is no possibility of misunderstanding the meaning of the order made, as appellant understood it when he came to move its vacation.

[2, 3] The more serious objection taken against the order is that it was made upon the petition of a person who was neither "heir, devisee, legatee, distributee, executor, administrator, or administrator with the will annexed," as the statute requires. Appellee Joseph H. Brewer described himself a distributee, as we have already noted. In fact, he was a distributee of a distributee who had died since the death of intestate Mary H. Sherrod; but, in that relation, he was interested in the distribution of the estate of Mary H. Sherrod. He was entitled under the statute of descents and distribution to participate in the estate being administered. He was, in our judgment, a distributee of the estate in a very proper meaning of the term and within the purview of the statute. It was so held in effect in Crawford v. Carlisle, 206 Ala. 379, 89 So. 565. Even more clearly in point and to the same effect was the decision in Powell v. Labry, 207 Ala. 117, 92 So. 266. We are unable to see that, as appellant suggests, the fact that the two cases cited dealt with plenary suits inter partes, makes the slightest difference in respect of the question presented for decision. In both of them the statute was being construed and in each of them the presence of the complainant in the equity side of the circuit court was attributed to the authority and invitation of the statute. Nor does this interpretation of the statute enlarge its meaning beyond the expressed intention of the Legislature upon a fair construction of its language or extend it to include creditors or persons standing in a like adversary relation to the estate, as appellant suggests. Such persons must approach the estate for the purpose of having satisfaction of their claims out of it by or through the personal representative. The statute was intended to include within its remedial provisions all persons interested in the administration of estates in virtue of the statute of descents and distribution or the will of the deceased owner. Appellant quotes from a number of cases which afford no help in the present emergency—that is—in the interpretation of the statute, for the reason that they were decided before its enactment in 1915, now section 6478 of the Code. They do show that to the settlement of such controversies as the one here presented the presence of the personal representative is necessary as it was before the statute; but this does not mean that in a case circumstanced as here the personal representative alone is authorized to petition for a removal of the administration. Our opinion is that when a removal is ordered under the statute the personal representative, then present in the probate court, must know what is decreed in the due course of administration and is removed with it to the chancery court, and this process includes and controls previous administrations, if any, so far as it may be necessary to deal with them in the course of the latest pending administration. Tygh v. Dolan, 95 Ala. 269, 10 So. 837.

[4, 5] Jurisdiction, defined with reference to the subject-matter in controversy, is the power to hear and determine, including the power to issue process to enforce such judgment or decree as the court may render. 34 C. J. p. 737. If by questioning the jurisdiction of the chancery court appellant intends to suggest lack of due process in the matter of removal, we think we have answered that; but, in addition, we may suggest that there was no lack of opportunity to contest every order made and that appellant, appearing in the chancery court and taking part in its proceedings, made no question as to jurisdiction until the court made a decree lacking conformity with appellant's desires or his notion of right and justice. And, further, it may be observed that the order of removal in and of itself affected no property right whatever. It merely substituted a tribunal which had

jurisdiction to determine all possible controversies for a tribunal that had no power to determine equitable issues, if such should arise, and thus brought the administration within the control of a court better able to deal justly, adequately, and completely with all matters and questions involved. We do not see that any party interested in the administration of an estate should be heard to complain of this process.

[6, 7] Conforming to appellant's brief in that particular, we have referred to appellee as the distributee of a distributee. It does not affect the substantial rights involved to say that the fund about the distribution of which the parties are at issue came from the sale of real estate left by Mary H. Sherrod at her death and that appellee is the devisee of an heir of said deceased. The land was sold for division and distribution on appellant's petition. But, it appearing that there was litigation concerning a mortgage claim against a part of the land, appellant was, on his own motion, ordered to withhold an amount sufficient to discharge the mortgage debt, if its disputed validity should be determined in favor of the alleged mortgagee. Appellant reported to the court the expenses of making the sale, including $2,574.48 as commissions; but the court, on the exception of one of the parties in interest, following the mandate of the statute (section 5924 of the Code), reduced appellant's commission to $100, and ordered that the balance, $2,474.48, be retained "until the court shall [should] order a final distribution thereof." A much larger sum was ordered to be held to answer the result of the controversy over the mortgage. This procedure was not improper. Nelson v. Atkins, 215 Ala. 88, 109 So. 882.

Having regard for the chronological order of events, we note that the order removing the administration from the probate to the equity court was made on November 10, 1926. This was after the proceedings on the petition for the sale of land. But after the date mentioned the court, on motion of appellee, ordered a distribution of the said sum of $2,474.48, and this last order furnishes the burden of appellant's complaint.

It is said that the petition or bill for the sale for division was made on the authority of Sewell v. Sewell, 207 Ala. 239, 92 So. 475, and because the probate court was, by reason of its limited jurisdiction, incompetent to properly protect the interests of remaindermen, and we may now, for all the purposes of this case, concede that to be a correct view of the case. But that is of no particular moment now, for the question now is whether the court had power to change the order in the manner indicated by the foregoing statement. It seems to be urged that the decree ordering appellant to retain the sum of $2,474.48 until the court should order a final distribution was a final order, made while the administration was yet in the probate court, at a term prior to that in which the order of distribution was made, and, for these reasons, without the power of the circuit court.

[8] Some reference is also made to the fact that there has been no proof that the fund in question may not be needed for the payment of debts; but the proceedings in the matter of the sale of land is a sufficient answer to this suggestion. Nelson v. Atkins, supra. That contingency, it must be presumed, has been adequately cared for.

[9] It may be conceded that the order for the retention, by appellant administrator, of the sum in controversy, transferred the fund to appellant, as administrator, acting at the time under authority of the probate court, and that the probate court had no authority to order its distribution until a final settlement of the estate. But the estate is now being administered in the equity court with all the jurisdiction of the probate court and its own besides. When the administration was removed in the circuit court in equity for any purpose, or in any part, it went there as a whole and for all purposes, and that court, having exclusive jurisdiction, must proceed to settle every question arising in the course of administration and to a final and complete settlement. Tygh v. Dolan, supra. Such being the case, we can find no satisfactory reason for holding that the court of equity may not now in the course of administration change any order improvidently made and distribute the fund among those who are entitled to receive it, or, whether the first order was improvidently made or not, there appears to be no sufficient reason in the present circumstances of the case why the appellant administrator should be allowed to retain the fund in question for his own personal convenience; for it is clear that no other purpose is to be served by retaining the fund.

The decree is affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.