### CARTER v. HUTCHENS et al.
### 8 Div. 196.

Supreme Court of Alabama.
June 5, 1930.

Wm. L. Chenault, of Russellville, for appellants.

J. Foy Guin, of Russellville, for appellee.

**GARDNER, J.**

The bill is filed by the Hutchens Company, a partnership, as a simple contract creditor of the estate of W. E. Willmarth, deceased, the administration of which was pending in the probate court, but as to which no steps had been taken for a final settlement. A removal of the administration from the probate into the equity court was sought and order so entered.

The demurrer to the amended bill rests upon the theory that complainant, a creditor, is not one of the class named in section 6478, Code 1923. The answer is that the bill is not rested upon that statute but upon the general jurisdiction of the equity court over the administration and settlement of estates of deceased persons. "It has also been firmly settled that a creditor may by bill remove an administration from the probate court into the chancery court, either before jurisdiction has attached in the probate court for a final settlement or after; in the former case as a matter of right. and in the latter upon the averment of a special equity." Rensford v. Magnus & Co., 150 Ala. 288, 43 So. 853. To like effect, see, also, Tucker v. Morris, 206 Ala. 123, 89 So. 271; Whaley v. Rothschild & Co., 176 Ala. 69, 57 So. 707. The demurrer was properly overruled.

Defendant interposed a motion in the court below to revoke the order of removal and remand the administration again to the probate court. The motion was denied. The ruling on the motion was not a final decree within the influence of section 6078, Code 1923, nor was it such an interlocutory order as provided for in section 6079 of the Code. Appeals are of statutory origin, and we are of the opinion that from such an order no appeal will lie. Wood v. Finney, 207 Ala. 160,

92 So. 264; Devane v. Smith, 216 Ala. 177, 112 So. 837.

It results, therefore, that the decree on demurrer will be affirmed, and the appeal from the order on the motion will be dismissed.

Affirmed as to decree on demurrer; dismissed as to order on motion.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.