(133 So. 692)

## IRWIN et al. v. J. S. REEVES & CO.

### 8 Div. 243.

Supreme Court of Alabama.
March 5, 1931.

Rehearing Denied April 23, 1931.

S. A. Lynne, of Decatur, for appellants.

E. W. Godbey, of Decatur, for appellee.

GARDNER, J.

Complainant, as a simple contract creditor of D. W. Irwin, deceased, whose estate is being administered in the probate court, with no steps being taken looking to a final settlement thereof, had the right to file this bill for the removal of the administration of the estate into the equity court. Carter v. Hutchens, 221 Ala. 370, 129 So. 8.

It is well recognized by our decisions that there should be no splitting up of an administration any more than any other cause of action, a principle recently expressed in Bynum v. Brewer, 217 Ala. 52, 114 So. 577, 579, in the following language: "When the administration was removed in the circuit court in equity for any purpose, or in any part, it went there as a whole and for all purposes, and that court, having exclusive jurisdiction, must proceed to settle every question arising in the course of administration and to a final and complete settlement."

The argument in support of the demurrer rests upon the insistence that the defendants, other than the administratrix, are not proper parties to the bill. That this argument can have no application to the heirs of decedent, distributees of the estate, is too

clear for discussion. As pointed out in Hodge v. Joy, 207 Ala. 198, 92 So. 171, in the case of Keith v. McCord, 140 Ala. 402, 37 So. 267, cited by appellant, Mrs. Stone, deceased, had been paid in full her share of the estate before her death, and for this reason there was no necessity that her husband and children be made parties defendant to the bill.

The administratrix is charged with wrongful diversion of the funds of the estate, and for misconduct, for which, if injury to the estate results, the surety may be held liable. Applying the principle first above noted, we are of the opinion the surety on the bond of the administratrix is a proper party defendant to the end there may be a final and complete settlement of the administration. Keith v. McCord, supra. And a like reasoning justifies the ruling that the Tennessee Valley Bank is also a proper party. The bill charges that the bank held certain collateral for decedent's original indebtedness to it, but of what these consisted complainant does not know, and cannot ascertain without a discovery; but that the administratrix had paid large sums of money to said bank, and the bank has collected a large amount of the outstanding notes and accounts due originally to decedent. It is further alleged that "the extent of its dealings, the amount claimed by it as creditor originally, the amount of augmented advances, the amount of collateral held by it that originally belonged to the said D. W. Irwin; the fate of such collateral, and of what it consisted," is unknown to complainant, and that a discovery is necessary.

The bill also discloses that the assets of the estate are being wasted, and that the estate is rapidly "evaporating."

It therefore appears from the bill that a discovery is sought as well, also an accounting to ascertain the status of the indebtedness to the bank, all of which is appropriate to a final and complete settlement of the estate. Whaley v. D. Rothschild & Co., 176 Ala. 69, 57 So. 707; Bynum v. Brewer, supra.

We have carefully read and considered the several authorities cited by appellant (Huckabee v. Swoope, 20 Ala. 491; Jones v. Caldwell, 116 Ala. 364, 22 So. 456; Hodge v. Joy, 207 Ala. 198, 92 So. 171; Keith v. McCord, 140 Ala. 402, 37 So. 267; Page v. Bartlett, 101 Ala. 203, 13 So. 768; Siglin v. Smith, 168 Ala. 398, 53 So. 260; but we do not find that the holding in any of them militates against the conclusion here reached to the effect that the demurrer to the bill was properly overruled.

The decree will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.