147 So. 385

## LYNNE v. IRWIN.

### 8 Div. 444.

Supreme Court of Alabama.
March 23, 1933.

Rehearing Denied April 20, 1933.

Seybourn H. Lynne and Lynne & Lynne, all of Decatur, for appellant.

464

A. J. Harris and E. W. Godbey, both of Decatur, for appellee.

BOULDIN, Justice.

A creditor of an estate whose administration is pending in the probate court may, at any time before jurisdiction for final settlement in the probate court has attached, invoke the general jurisdiction of the court of equity for the further administration and settlement of the estate by bill in equity without alleging any special equity. Rensford v. Magnus & Co., 150 Ala. 288, 43 So. 853; Carter v. Hutchens, 221 Ala. 370, 129 So. 8.

Under general rules touching the removal of causes from one court of competent jurisdiction to another, such a bill should be verified as to the facts on which the right of removal depends. Kelen v. Brewer, 221 Ala. 445, 129 So. 23, 26; 21 C. J. page 368, § 378.

The bill in this cause was verified by affidavit of complainant clearly deposing that she is a creditor of the estate; indeed, a judgment creditor.

The right of removal by original bill, in such case, is matter of right; does not depend on averment or proof that the estate can be better administered in equity. Hence, the further statement of affiant that she believed this to be true, as in a statutory petition for removal did not detract from the sufficiency of the verification.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.