**IRWIN v. IRWIN.**

8 Div. 443.

Supreme Court of Alabama.

May 25, 1933.

Rehearing Denied June 22, 1933.

S. H. Lynne, of Decatur, for appellant.

A. J. Harris and E. W. Godbey, both of Decatur, for appellee.

THOMAS, Justice.

This bill was by a judgment creditor for the removal of the administration of an estate into a court of equity for discovery of assets, for an accounting and a due administration and payment of debts after assignment of dower, homestead, and exemptions according to law.

Incidental to such administration after removal of the estate and the removal of the personal representative, is the appointment of a receiver. This phase of the bill as challenged by demurrer, after consideration

of the phase as to removal of the estate from the probate to the chancery court has been determined, will be considered.

At the outset, we observe, that the administration of an estate in equity is a continuous proceeding to final settlement, governed by the procedure that obtains and which is applicable thereto. Irwin v. J. S. Reeves & Co., 222 Ala. 647, 133 So. 692; Hinson v. Naugher, 207 Ala. 592, 93 So. 560; Sandlin v. Anders, 210 Ala. 396, 399, 98 So. 299; Whitehead v. Boutwell, 218 Ala. 109, 117 So. 623; Dent v. Foy, 204 Ala. 404, 85 So. 709; Id., 206 Ala. 454, 90 So. 317.

The question of proper parties declared to embrace the principal or personal representative, the surety on his official bond, the heirs at law, legatees, distributees, and their guardian. Irwin v. J. S. Reeves & Co., supra; Whitehead v. Boutwell, supra. This is necessary to a full and complete relief, according to the jurisdiction and rules in equity, as to the several parties, and according to their interest in and duty under the law relating to the subject-matter. Baggett Mercantile Co. v. Vickery, 213 Ala. 427, 428, 105 So. 207; Miller v. Louisville & Nashville Railroad Co., 83 Ala. 274, 278, 4 So. 842, 3 Am. St. Rep. 722. That is, having the right and assuming jurisdiction of the parties and properties, equity will grant full relief. Lowery v. May, 213 Ala. 66, 104 So. 5; Burns v. Lenoir, 220 Ala. 423, 125 So. 661; King v. Livingston Manufacturing Co., 192 Ala. 269, 274, 68 So. 897.

The right of removal for discovery, accounting, and to prevent the wasting of assets, to ascertain the status of indebtedness appropriate to a final and complete settlement of the estate is established. Irwin v. J. S. Reeves & Co., 222 Ala. 647, 133 So. 692; Bynum v. Brewer, 217 Ala. 52, 114 So. 577; Whaley v. Rothschild & Co., 176 Ala. 69, 57 So. 707; Lynne, as Guardian, v. Irwin, 226 Ala. 463, 147 So. 385; Rensford v. Magnus & Co., 150 Ala. 288, 43 So. 853; Carter v. Hutchens, 221 Ala. 370, 129 So. 8.

As to the sale of lands that have descended to an heir, by a court of equity, for the satisfaction of a creditor, it was declared in Scott v. Ware, 64 Ala. 174, 181, that a creditor must establish his debt by a judgment at law, and exhaust his legal remedies, and there must be averment and proof of a want of personal assets, and of the insolvency of the personal representative and the sureties on his bond. Baldwin v. Alexander, 145 Ala. 186, 40 So. 391.

Here, the bill has a broader scope and special equity of discovery, accounting, and preservation of the assets from devastavits,

and its purpose is to take jurisdiction of the administration in the plight and condition in which it was, and exercise its authority to a right administration between all parties at interest who are brought before the court. Rucker v. Tennessee Coal, Iron & Railroad Co., 176 Ala. 456, 471, 58 So. 465; Irwin v. J. S. Reeves & Co., supra; Bynum v. Brewer, 217 Ala. 52, 114 So. 577. That is to say, irrespective of statute a creditor may, by a bill, remove administration from the probate court into the equity court as a matter of right, before jurisdiction has attached for final settlement, and after, upon the averment of a special equity. Carter v. Hutchens, 221 Ala. 370, 129 So. 8; Whaley v. Rothschild & Co., 176 Ala. 69, 57 So. 707; Tucker v. Morris, 206 Ala. 123, 89 So. 271; Rensford v. Magnus & Co., 150 Ala. 288, 43 So. 853; Phillips v. Ash's Heirs and Adm'rs, 63 Ala. 414.

Having acquired jurisdiction by a due removal, lands may be sold to pay debts, under facts authorizing that action. Boyte v. Perkins, 211 Ala. 130, 133, 99 So. 652; Clark v. Knox, 70 Ala. 607, 45 Am. Rep. 93; Foster v. Foster, 219 Ala. 70, 121 So. 80.

There was no error in overruling the demurrer to that phase of the bill for removal of the administration from the probate court to the circuit court sitting in equity.

Responding to the demurrer to the particular phase of the bill which seeks to have a receiver appointed, we may say that a receiver will be appointed when the personal representative has been guilty of misconduct, waste, or misuse of assets, and there is real danger of loss (53 C. J. page 43, note 37); and a receiver will not be appointed to take the assets from the custody of such personal representative unless there is manifest danger of loss or destruction of, or material injury to the assets, and a receivership is clearly necessary to protect and preserve the property of the estate from manifest danger of loss, which may be irreparable. Randle v. Carter, 62 Ala. 95; Hopkins v. Crews, 220 Ala. 149, 124 So. 202; 52 C. J. page 43, § 29, note 38. That is, the court has this power which may be exercised where there is manifest danger of loss of the assets of the estate that "may be irreparable."

We find no error in overruling the demurrer to this phase of the bill. When the evidence is taken, the court will preserve the estate, if this may be done, without the intervention of a receiver, unless this agency and method are necessary within the rule.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.