153 So. 238

**RUDULPH et al. v. HODO et al.**

**3 Div. 95.**

Supreme Court of Alabama.

March 1, 1934.

Jos. R. Bell, of Hayneville, and Daniel W. Troy, of Montgomery, for appellants.

Calvin Poole, of Greenville, for appellees.

THOMAS, Justice.

The estate was duly removed from the probate court to the court of equity for a construction of the will and for administration of the estate. Upshaw v. Eubank et al. (Ala.

Sup.) 151 So. 837; [1] Hinson v. Naugher, 207 Ala. 592, 93 So. 560; Naugher v. Hinson, 211 Ala. 278, 100 So. 221; Watson v. White, 216 Ala. 396, 113 So. 260.

The fourth paragraph of the will is: "I hereby nominate, constitute and appoint my wife Caroline Caffey Rudulph, my daughter Florence Rudulph, and Z. T. Rudulph, as Executors of this my will, with full power to carry out my wishes, and having absolute confidence that they will act in accord and faithfully for the best interest of each of said beneficiaries, *I direct that they nor either of them, be required to give bond for the faithful performance of this trust, which would otherwise be legally required of them;* and I do further name and constitute my above named executors as trustees of the estate of each of my children during their minority, and I do hereby name my wife, Caroline Caffey Rudulph, as Guardian of any of my children who may be under the age of fourteen years." (Italics supplied.)

The decree was that by the terms of the will the executors "are not required to give bond as such Executors; * * * but they are required to give bond, as required by law in such cases, as Trustees of the Estates of the minor heirs" of said testator; that the widow named in the will "as Guardian of any of my (his) children who may be under the age of fourteen years," be required by the decree to give bond as such guardian for said minor heirs; and a reference was ordered to ascertain "the amount of bond as suitable and legal to be executed by the said Executors named in" the will, "as Trustees for the estates of the minor heirs," and "the amount of bond as suitable and legal to be executed by the said Caroline Caffey Rudulph, as Guardian for said minor heirs."

The facts agreed upon are that on April 14, 1917, testator made his will, which was duly probated on October 26, 1928; that his wife, Caroline Caffey Rudulph, and his daughter, Florence Rudulph, and testator's brother, Z. T. Rudulph, were named as executors, qualified, and assumed the duties and obligations of the trust so imposed; that the estate is of great properties, at this time worth about $500,000; that the property of the estate belongs equally; share and share alike, to eight heirs of decedent, viz., his wife, Caroline C. Rudulph, three daughters, Mrs. Lois Hodo (née Rudulph), Florence Rudulph, and Rella Rudulph, of full ages; and testator's minor children, Eugenia, Burwell B., Caroline, and William C. Rudulph; that

the estate has been kept intact and undivided for five years succeeding the death of testator, as directed by the third paragraph of his will; that the brother, Z. T. Rudulph, one of the three executors named in the will, has died; that the assets are chiefly in large tracts of land, sums of money loaned through first mortgages on real estate, cash moneys on deposit with banks, cotton on storage, cattle and live stock.

▋ The rules of testamentary construction are well understood, and need not be stated here, other than to say that the cardinal rule is to ascertain the intent of the testator from its words and provisions, if plain and unambiguous, and not in conflict with law. We cannot incorporate provisions not expressed in the will, unless the will clearly shows that such was testator's intention, or, in a proper case, the will and the relevant facts show such intention of the testator. Wiley et al. v. Murphree, as Ex'r (Ala. Sup.) 151 So. 869;[1] Montgomery v. Wilson, 189 Ala. 209, 66 So. 503; Ralls v. Johnson, 200 Ala. 178, 75 So. 926. The court must give the words employed the construction placed thereon by the testator in the context in which used, having due regard for the general scheme and purpose of the testator so evidenced. Gunter v. Townsend, 202 Ala. 160, 79 So. 644; Reid v. Armistead, ante, p. 75, 151 So. 874.

▋ The general scheme and purpose of this will was that testator's trust was reposed in his wife, daughter, and brother, "having absolute confidence that *they will act in accord and faithfully for the best interest of each of said beneficiaries*"; therefore he directed "*that they nor either of them, be required to give bond for the faithful performance of this trust*, which would otherwise be legally required of them." (Italics supplied.) It is thus indicated that he had knowledge of the usual lawful requirements for bond to guarantee the faithful discharge of the duties and obligations of such trust relations under the law—as that of a due administration of estates for such beneficiaries.

The learned counsel for appellant well observed that testator's intention, unquestionably, was to impose the trust, or several trusts named in the will, on the persons named, without bond being required of "either of them" for the faithful performance

of this trust—the trust set up in the will, or any phase thereof, for all and each of the beneficiaries.

The statutes and decisions permit such exemptions by express provisions in a will, and there is ample authority to protect an imperiled trust estate from waste (sections 5763, 5803, Code; Parker v. Robertson, 205 Ala. 434, 88 So. 418; Wright v. Menefee, 226 Ala. 55, 57, 145 So. 315), and, under the inherent powers of a court of equity, to protect trust funds (Lynne v. Irwin, 226 Ala. 463, 147 So. 385; Irwin v. Irwin, 227 Ala. 140, 148 So. 846).

There is no statutory rule or principle of equity that requires a trustee created by a will (without express provision therein for such bond) to give bond, unless the court finds from the evidence that such action is necessary to protect the trust funds. In the present case, there is no such provision in the will or necessity shown to protect the trust funds of the wards of the court. Crawford v. Creswell, 55 Ala. 497. The intent of the testator indicated by the will was to exempt such named representatives, whether executor, trustee, or guardian, from giving bond in the discharge of the trusts imposed. And, so far as such intent can reasonably be effected, it will be done, when the safety of the trust fund is not shown to require a bond. Ladd, Guardian, v. Ladd, Trustee, 125 Ala. 135, 139, 27 So. 924; 39 Cyc. page 225.

The action taken by the trial court is not based upon the statute or necessity for a court of equity to protect those trust funds —the subject of its protection or distribution —but upon the interpretation of the will of the testator that does not accord with the view we entertain. The testator trusted his wife and daughter who were to administer the estate for him, and he had the right under the law to devise and bequeath upon his own terms. Reid v. Armistead, supra.

The decree of the circuit court is reversed for a proper decree in consonance with the above interpretation—that the administration of the estate, trusteeship, and guardianship be without the requirement of a bond from the wife and daughter indicated in the will.

Reversed and remanded.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.

---

[1] Ante, p. 67.