159 So. 68

## FIRST NAT. BANK OF EUTAW v. BARNES et al.

### 2 Div. 50.

Supreme Court of Alabama.
Nov. 22, 1934.

Rehearing Denied Jan. 24, 1935.

McKinley & McDaniel, of Linden, for appellant.

J. F. Aldridge, of Eutaw, and Rushton, Crenshaw & Rushton, of Montgomery, for appellees.

THOMAS, Justice.

The decision in Planters' Warehouse & Commission Co. v. Katie S. Barnes, Individually, etc., et al. (Ala. Sup.) 159 So. 63,[1] will indicate the error in sustaining demurrers to this bill, being maintained as it was for like purpose; the difference between the two pleadings being that the instant suit by the bank seeks the foreclosure of a like equitable mortgage, lien, charge, or trust created by the terms of the conveyance to Mr. Barnes of the interest in the lands indicated, the grantors thereof being all the heirs at law and children of Carrie B. Scears, deceased, and William Scears, deceased; and also seeks foreclosure of another mortgage on most of these lands from Mr. Barnes.

The recitals of the consideration of the conveyance to Mr. Barnes by the Scears heirs are, as we have indicated in the other opinion, and for convenience here were, as follows: "That for and in consideration of the sum of Ten Dollars cash to us in hand paid by Reginald W. Barnes, the receipt whereof is hereby acknowledged, and in further consideration of the said Reginald W. Barnes assuming and agreeing to pay those two certain mortgages executed by William Scears and his wife Carrie B. Scears and by Reginald W. Barnes and his wife Katie S. Barnes to the Union Central Life Insurance Company, and which said mortgages have been transferred to, and are now held and owned by, the City National Bank of Tuscaloosa; and in further consideration of the said Reginald W. Barnes assuming and agreeing to pay all of the outstanding indebtedness of Carrie B. Scears, deceased, and assuming and agreeing to pay all of the outstanding indebtedness of William Scears, deceased, we, the undersigned Mamie S. Sellers and her husband, Wilbur A. Sellers, Carolyn S. Palmer, and her husband, William M. Palmer, Jr., and Katie S. Barnes, the wife of the said

Reginald W. Barnes (the said Mamie S. Sellers, Carolyn S. Palmer and Katie S. Barnes being the sole surviving heirs at law and children of the said Carrie B. Scears, deceased, and of William Scears, deceased) have granted, bargained, sold and conveyed, and do by these presents grant, bargain, sell and convey unto the said Reginald W. Barnes all of our undivided half interest in and to the following described lands in Greene County, Alabama (describing the land); * * * that we do, and our heirs, executors and administrators shall, forever warrant and defend the title to the same unto the said Reginald W. Barnes and unto his heirs and assigns, against all of the lawful claim or claims of any and all persons whomsoever, except as to any claim or claims under said mortgages herein assumed by the said Reginald W. Barnes, and except as against any claim or claims against the estate of William Scears deceased and against the estate of Carrie B. Scears deceased."

Are the subject-matter and necessary parties so directly connected and interested as to be without the rules of misjoinder or multifariousness, as defined by our decisions? This is the real question in this bill, different as it is from that in Planters'· Warehouse & Commission Co. v. Katie S. Barnes, Individually, etc., et al., supra. Lowery v. May, 213 Ala. 66, 104 So. 5; Henry et al. v. Ide et al., 208 Ala. 33, 93 So. 860; Taylor et al. v. Morton et al., 227 Ala. 690, 151 So. 853. The whole title and parties in interest are sought to be brought before the court (Hodge et al. v. Joy et al., 207 Ala. 198, 92 So. 171) as affecting the several tracts of land, and in the respects we will indicate.

The making of parties respondents, the First Joint Stock Land Bank of Montgomery, a corporation, as mortgagee, and other assignees of Mr. Barnes, presents the question of priority or that of subordination of its mortgage or title to the equitable mortgage lien or trust created by the conveyance of the Scears heirs, and the stipulation for, and deferred payments of the purchase price by way of the discharge of the Scears' debts. This conveyance was of the character authorized for record, and was previously filed and recorded as provided by the statutes. Sections 6860, 6887, Code; Wittmeir v. Leonard et al., 219 Ala. 314, 122 So. 330; Michie et al. v. Nebrig et al., 223 Ala. 175, 134 So. 665; Leslie v. Click et al., 221 Ala. 163, 128 So. 170; Dewyer v. Dover et al., 222 Ala. 543, 133 So. 581.

▮ The payment vel non of the recited consideration, and thereafter to be made the purchase price to third parties, for the half interest in the land, was a material and direct fact required to be done by the vendee to the discharge of the vendor's purchase-money lien. Its payment affected the nature and extent of the estate in the lands acquired by the vendee and to be thereby preserved; and the material question of the payment thereof or not was not a collateral inquiry by Barnes' grantee. Had the grantees of Barnes pressed or pursued a due inquiry, to which it was reasonably incited and required by this weakness in its chain of title, the existence of the indebtedness in question of Barnes would have been disclosed, or found not to exist, or to have been paid, or was not enforceable under the peculiar circumstances which rule the rights of the parties. The record of the conveyance with condition was sufficient to excite a due inquiry under the rule of law that applies. Simmons Creek Coal Co. v. Doran, 142 U. S. 417, 12 S. Ct. 239, 35 L. Ed. 1063; Krueger v. United States, 246 U. S. 69, 38 S. Ct. 262, 62 L. Ed. 582. If a diligent inquiry under the "peculiar circumstances" of each case would have brought knowledge of unpaid and enforceable debts stipulated in the payment under the contract, then the law would charge notice with its consequence. Wittmeir v. Leonard et al., supra; Dewyer v. Dover et al., supra.

Exhibit G of the bill discloses a recordation (June 30, 1927) of the instrument by Barnes and wife to the appellant, authorizing it to receive the proceeds of the Britt Davis Auction Company's sale, and if accepted by the bank would probably operate as an estoppel in favor of the purchasers at said sale. The bill does not aver or charge that appellant received such proceeds, or evidences of debt, or that it accepted the instrument referred to and was bound thereby. Therefore, these facts, if true, would be a matter of defense not going to the equity of the bill.

Sections 8953, 8954, were codified from the act of 1915, Acts 1915, p. 547, § 1, and the averments of the bill show that section 8953 of the Code did not "apply to any lien which is expressly created or reserved in any conveyance [of Sellers, et als, to Barnes] which may be [and was] duly recorded in the probate court, or probate office in the county in which the land is situated so as to give notice of said conveyance, or to any judgments recorded as authorized." Such is the express legislative intent, when the two statutes are construed together and with other statutes providing for the record of conveyances, as they must be so considered. When

so construed, section 8953 applies to an innocent purchaser or mortgagee (within the class intended to be protected) who acquires title to ancestral lands from the "heirs or devisees" of a deceased, as such; there being nothing duly of record evidencing the "legal and equitable debts and obligations"—the subject of these statutes. Giving the statute a comprehensive field of operation consistent with its language and its companion, section 8954 (and the other record statutes) section 8953 deals with title derived from the ancestor by mortgagees or purchasers from the "heirs or devisees," and was designed and intended to protect them from "all legal and equitable debts and obligations" or latent equities, liens, and incumbrances created by the deceased owner affecting that title. However this may be, section 8953 in its express terms affords no protection to the purchaser or mortgagee before us, being within the provisions of section 8954 and the recorded conveyance from Sellers et als, which passed title from the heirs of Scears to the purchaser Barnes; and that before respondents' interests were acquired.

We have indicated that the record statutes (section 6860 et seq., Code) provide that the recording in the proper office of any conveyance of property or other instrument which may be legally admitted to record, operates as a notice of its contents; that the deed of Sellers et als. to Barnes was entitled to record, was duly recorded, and thereafter operated as a conveyance to Barnes on condition, and created an equitable mortgage or lien, charge, or trust for the payment of the purchase price stipulated for by the grantor. The grantee, his devisee, or mortgagee, has notice of what appears in the chain of title of his grantor or mortgagor, and subordinated the land bank's mortgage to the equitable mortgage created by the conditional conveyance. Wittmeir v. Leonard et al., 219 Ala. 314, 122 So. 330; Figh v. Taber, 203 Ala. 253, 82 So. 495; Guaranty Sav. Bldg. & Loan Ass'n v. Russell, 221 Ala. 32, 127 So. 186.

It is insisted of the bill in this case that it has several aspects which render it multifarious: (1) It seeks to establish a lien on the half interest in the 1062.41 acres as against all the respondents for the debt indicated; (2) upon Exhibit E, the deed of Barnes and wife of date of October 20, 1925, it seeks to establish a creditor's bill upon the 120-acre homestead as against respondent Katie S. Barnes (wife of the grantor) and the First Joint Stock Land Bank and the debts sought to be collected and contracted throughout the year 1925; and (3) upon the basis of Exhibit G an attempt is made to collect as against all the respondents, except the First Joint Stock Land Bank, the indebtedness indicated of Mr. and Mrs. Barnes and the 700 acres sought to be subjected.

To these several aspects of the bill the different respondents, one of whom is the estate of Mr. Barnes, one the wife, Katie S. Barnes, who was a volunteer, and one the First Joint Stock Land Bank, a mortgagee, and other purchasers under the Britt Davis Auction Company, insist there are several or different defenses based upon varying periods as affecting laches, the destruction of evidence and deaths of the parties. However, there is a unifying feature, that all parties are sought to be subjected to the equitable lien to which we have adverted, which sufficiently and directly connects the subject-matter and the parties. To this counsel for appellee say: "The one single unifying feature is that everybody is sought to be subjected to the lien of Exhibit D, and if the bill had been left as solely one to fix and determine who were the creditors of Mrs. Carrie B. Scears, and what was the amount of their lawful claims for outstanding indebtedness at the time of her death, and whether or not the conduct of such creditors in failing to record their claims against the estate of Carrie B. Scears constituted laches and a violation of Section 8953, there could be some claim that the object of the bill was single."

We have indicated the one and unifying feature that sustains the bill as it affects the rule against maintaining a bill that is multifarious.

The authorities are abundant to the effect that, a court of equity having acquired jurisdiction, there will be no splitting up of causes of action, and that court will proceed to settle questions arising out of and affecting the title to that subject-matter and the necessary parties before the court, that a final and complete adjudication be decreed. Irwin et al. v. J. S. Reeves & Co., 222 Ala. 647, 133 So. 692; Irwin v. Irwin, 227 Ala. 140, 148 So. 846; King et al. v. City Nat. Bank of Paducah, Ky., 225 Ala. 558, 144 So. 31; 11 Alabama and Southern Digest, Equity, ☜39, pages 242, 243.

The foregoing will indicate there was error in sustaining demurrer to the bill, and the judgment of the circuit court, in equity, is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and BROWN and FOSTER, JJ., concur.